IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

RECEIVED

2007 JUL 26  P 3: 14

DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

| | |
|---|---|
| VERONICA STANLEY, On Behalf of minor child, LB, <br><br> Plaintiff, <br><br> v. <br><br> BULLOCK COUNTY BOE, BULLOCK COUNTY SCHOOL BOARD and BULLOCK COUNTY SCHOOL DISTRICT, and ROBERT MCDUFFIE in his individual And official capacity, <br><br> Defendants. | CASE NO.: CV-2:07-cv-681-WHA <br><br> JURY TRIAL DEMANDED |

## COMPLAINT

**COMES NOW** Veronica Stanley as Guardian for LB, and for his complaint against Defendants and their agents and representatives and hereby complains as set forth herein below.

### Introduction

1. This is a civil action arising under 42 U.S.C. § 1983, the Fourteenth Amendment to the United States Constitution, and state tort laws against the Defendants set out herein to recover damages by reason of Plaintiff LB's physical injuries at the hands of another student, while attending classes at Bullock County Career Technical School in Bullock County, Alabama.

### Parties

2. Plaintiff, Veronica Stanley, is a natural person who is a citizen of Alabama and a resident of Bullock County. She is the Mother of Plaintiff LB.

1

3.      Plaintiff, LB, is a natural person who is a citizen of the State of Alabama and a resident of Bullock County. He is the minor son of the Plaintiff Veronica Stanley.

4.      The name "LB" is used as a pseudonym which is used here in order to protect the identity of Plaintiff LB, in view of the fact the Plaintiffs here are both challenging government activity and will be required to disclose information of the utmost intimacy, and that Plaintiff LB is a minor. *See* Doe v. Frank, 951F.2d 320 (11th Cir. 1992).

5.      Defendant Bullock County School Board is a political subdivision of the State of Alabama. Defendant may be served by delivering a copy of the summons and the complaint to its chief executive officer, Keith Stewart, Board of Education Bullock County, 202 Kennon Street, Union Springs, AL 36089, pursuant to FRCP 4(j)(2).

6.      Defendants Bullock County School District and Bullock County Board of Education are alter egos for the purposes of this litigation and are joint tortfeasors and joint state actors with respect to each cause of action alleged herein.

7.      Defendant Robert McDuffie is a resident of Bullock County, Alabama, and a teacher at the Bullock County Career Technical School in Bullock County, Alabama.

**Jurisdiction and Venue**

8.      This Court has jurisdiction over the litigation herein pursuant to 28 U.S.C. § 1331, as the action arises under Federal law, specifically the Civil Rights Act of 1964, 42 U.S.C. § 1983, 20 U.S.C. Section 1681, the Due Process Clause of the Fourteenth Amendment to the United States Constitution, and other laws of the State of Alabama.

9.      This Court has supplemental/pendent jurisdiction pursuant to 28 U.S.C. § 1367 over Plaintiff's state tort law claims because the claims of assault and battery and negligent training and supervision are so related to the claims within the Court's original

jurisdiction that they form part of the same case or controversy under Article 3 of the United States Constitution.

10. Venue is proper pursuant to 28 U.S.C. § 1391(b)(1) as this Court encompasses a judicial district where any Defendant resides and all Defendants reside in Bullock County, Alabama, and the events made the basis of this lawsuit occurred in Bullock County, Alabama.

## Facts Giving Rise to Cause of Action

11. On April 5, 2006, during first period, which started at 8:00 A.M., Plaintiff's son, LB was in his Construction classroom at Bullock County Career Technical School.

12. During this first period class, LB's teacher, Mr. McDuffie, left the school for a family emergency without notification. Thus, leaving his classroom unattended.

13. During the same period, another classroom across the hall was left unattended by the teacher, which was the Agriculture class.

14. Consequently, male students from the unattended Agriculture class went across the hall to harass the students in LB's classroom, which was also unattended.

15. During this "unprovoked" attack, a male student grabbed LB and "body-slammed" his head on the floor causing serious physical injury.

16. At approximately 9:00 A.M., Veronica Stanley was called by the school's secretary and was told that her son had "fainted", when, in fact, he was

assaulted by another student. The student that assaulted her son was known to have physical confrontations with other students.

17. Despite the fact that Veronica Stanley signed a standard authorization for the school to provide or obtain medical treatment for her son, no such treatment was provided.

18. In fact, by the nature of the phone call from the school secretary, the responsibility of providing medical treatment was placed upon the Plaintiff, although the need for such treatment was immediate and caused by an assault while LB was under the school's care.

19. After receiving the secretary's call, Veronica Stanley picked up her son at the school and took him to the Emergency Room at Bullock County Hospital.

20. As a result of the assault that occurred upon him, LB continues to have nightmares, headaches, post traumatic syndrome, and a loss of memory of the incident. LB has not attended school as well as before this assault as a result of the physical injuries he suffered.

21. Plaintiff's minor son's injuries resulted in medical expenses, including counseling. Plaintiff suffers loss of income for having to miss work for her son's appointments.

22. Plaintiff continues to suffer mentally as a mother watching her son's sufferings as a result of the assault that would not have occurred except for the negligence and or wantonness of the school.

23. As a result of the physical assault suffered by LB, LB experienced and continues to experience significant, substantial and severe psychological

injuries and has suffered permanent damage to his emotional and social development.

24. At no time did officials at the Bullock County Board of Education provide counseling for LB or any member of his family.

25. At all relevant times, Defendants were acting under color of the laws and regulations of the State of Alabama and the Bullock County School District and Bullock County Board of Education. The Bullock County School District and Bullock County Board of Education enabled its agents and employees to act with deliberate indifference to the constitutional rights of students within the District.

26. Such policies and customs included: creating an atmosphere conducive to violence and aggression between students by not removing students from a school facility who had a history of aggressive behavior towards other students; tolerating misconduct by students directed toward other students; encouraging misconduct in the classroom by failing to adequately supervise, train, or discipline teachers; and tolerating misconduct by failing to have appropriate policies in place to prevent further abuse once abuse has been reported to a teacher or other school official.

### I.   Count 1 – Violation of Constitutional Rights

27. Paragraphs 1 through 26 are herein realleged and incorporated by reference.

28. The exercise of established policies and customs by Defendants violated Plaintiff LB's clearly established rights under the United States Constitution to freedom of bodily integrity and liberty interest protected by the Due Process Clause of the 14th Amendment.

29. At all times relevant hereto, defendant, Board of Education, received federal funds and Bullock County Career Technical School was within the jurisdiction of the Bullock County Board of Education.

30. Duran Jackson harassed the plaintiff LB. The harassment was unwelcome and was sufficiently severe and pervasive so as to alter the conditions of his education and create an abusive educational environment.

31. Defendants had actual and/or constructive knowledge of the harassment and failed to take prompt remedial action.

32. By knowingly permitting the hostile environment to exist, the defendants discriminated against the plaintiff and denied him the benefits of a public education free from physical abuse and harassment.

33. Defendants had the authority to initiate corrective measures in regard to the harassment but failed to do so.

34. The defendants were deliberately indifferent to Jackson's misconduct.

35. The defendants engaged in a pattern and practice of such conduct as alleged by the plaintiff.

36. The exercise of these established policies and customs violated Plaintiff LB's clearly established rights under the United States Constitution to freedom of bodily integrity, a liberty interest protected by the Due Process Clause of the 14th Amendment.

    II.    <u>Count 2 – 42 U.S.C. § 1983 Against Individual Defendants</u>

37. Paragraphs 1 through 36 are herein realleged and incorporated by reference.

38. The constitutional deprivation alleged in paragraphs above was the result of the implementation and execution of the unconstitutional policies and customs by Defendants.

39. The defendants engaged in a pattern and practice of such conduct as alleged by the plaintiff.

40. Defendants engaged in the misconduct alleged herein with malice and/or reckless indifference to plaintiff's federally protected rights.

### III. Count 3 – Assault and Battery

41. Paragraphs 1 through 40 are herein realleged and incorporated by reference.

42. This claim is brought against all defendants, individually and officially, for their knowing ratification of the actions of Duran Jackson.

43. Defendants ratified the conduct of Duran Jackson, in that they had actual knowledge of Duran Jackson's conduct, knew or should have known such conduct constituted an assault and battery, and failed to take adequate steps to remedy the situation.

44. Because of such conduct, the plaintiff suffered severe emotional distress, embarrassment and humiliation. By knowingly permitting such conduct, defendants denied the plaintiff the benefits of a public education.

45. Defendants acted with malice and/or reckless indifference toward the plaintiff.

### IV. Count 4 – State Law Claims
### Assault and Battery

46. Plaintiff adopts and realleges Paragraphs 1-45 above as if fully set forth in full herein.

47. The abuse by Duran was so severe, pervasive and objectively offensive that it could be said to have deprived LB of access to the educational opportunities or benefits provided by the school.

48. Defendants had actual knowledge of the assault and battery on April 5, 2006, which knowledge is imputed to Defendant Bullock County School District and Bullock County Board of Education.

49. Defendants were deliberately indifferent to the assault and battery when they in bad-faith failed to provide immediate medical attention and subsequently failed to counsel Plaintiff LB.

50. Defendants' failure to provide immediate medical attention and subsequent counseling to LB shows deliberate indifference, malice and bad-faith of LB's injuries.

### Negligent Supervision

51. Paragraphs 1 through 50 are herein realleged and incorporated by reference.

52. Defendant McDuffie was acting within the course and scope of his employment duties as a teacher for the Bullock County School District.

53. Defendant Cooks had a duty to supervise and monitor the activities in his school so as to prevent students from injuring or harming themselves or other students.

54. Defendants breached said duty, which breach proximately causes LB to be subjected to the abuse by Duran Jackson alleged herein.

55. Said breach of duty was so egregious that it rose to the level of gross negligence such that malice should be inferred.

56. Said breach of duty was egregious and objectively unreasonable and constituted malice or gross negligence such that malice may be inferred.

57. At all relevant times, Defendants were acting within the course and scope of their employment duties with the Bullock County School District.

### V. Damages

58. As a direct and proximate result of the violations of Federal statutes, the United States Constitution, and state law claims alleged hereinabove, Plaintiff LB suffered the following injuries and damages:

   a. Medical Expenses in the past and future;

   b. Psychological pain and suffering, mental anguish and emotional distress in the past and the future;

   c. Loss of society.

59. As a direct and proximate result of the violations of Federal statutes, the United States Constitution, and state law claims alleged hereinabove, Plaintiff Veronica Stanley suffered the following injuries and damages:

   a. Psychological pain and suffering, mental anguish and emotional distress in the past and in the future;

   b. Loss of society.

## VI. Attorney Fees

60. It was necessary for Plaintiffs to hire the undersigned attorney to file this lawsuit. Upon judgment, Plaintiffs are entitled to an award of attorney fees and costs under 42 U.S.C. § 1988(b).

## VII. Jury Demand

61. Plaintiffs demand trial by jury on each and every cause of action.

## VIII. Prayer for Relief

62. For the foregoing reasons, Plaintiff respectfully prays for judgment against Defendants as follows:

   a. Compensatory damages;

   b. Punitive Damages;

c.  Prejudgment and post-judgment interest as allowed by law;

d.  Injunctive and declaratory relief;

e.  Attorney Fees;

f.  Costs of suit; and

g.  All other relief which the Court may deem just and proper.

Respectfully submitted this the 26th day of July 2007.

KATHRYN DICKEY (DIC025)
Attorney for Plaintiffs

**OF COUNSEL:**
Law Offices of Kathryn Dickey
322 Alabama Street
Suite B
Montgomery, AL 36104
(334) 262-0728
(334) 265-7696  facsimile