IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| VERONICA STANLEY,<br>on behalf of minor child, LB,<br><br>PLAINTIFF,<br><br>VS.<br><br>BULLOCK COUNTY BOE;<br>BULLOCK COUNTY SCHOOL<br>BOARD; BULLOCK COUNTY<br>SCHOOL DISTRICT; and<br>ROBERT MCDUFFIE, in his<br>individual and official capacities,<br><br>DEFENDANTS. | )<br>)<br>)<br>)<br>)<br>)<br>)  CASE NO: 2:07-CV-681<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## DEFENDANTS' MOTION TO DISMISS

**COME NOW** the defendants in the above-styled cause and, denying all material averments of the plaintiff's Complaint, except that the Bullock County Board of Education is an agency of the state government, respectfully move the Court to dismiss those claims of the Complaint identified herein. As grounds, the defendants show as follows:

1. All claims on behalf of plaintiff "LB" are due to be dismissed as they are not brought in the name of the real party in interest, and therefore do not satisfy the requirements of Rule 17, Fed.R.Civ.P.

2. The Complaint, in Paragraphs 21, 22 and 59, purports to state claims on behalf of Veronica Stanley, who is not identified as a plaintiff individually, but is named only "on behalf of minor child LB." Veronica Stanley therefore is not a party to this action and cannot be awarded relief of any nature.

3. The Complaint seeks damages for "loss of society." Plaintiff "LB," the only plaintiff identified in the action, cannot recover damages for the loss of his own society.

4. The allegations of the Complaint fail to state sufficient grounds upon which relief could be granted under the Civil Rights Act of 1964 or 20 U.S.C. §1681.

5. The "Bullock County School Board" and "Bullock County School District" are not legal entities and the claims against them are therefore a nullity.

6. All claims against Robert McDuffie in his official capacity are duplicative of the claims against the Bullock County Board of Education and are therefore due to be dismissed.

7. The factual allegations of the Complaint fail to establish the requirements for an assault and battery claim against an educator established by the Alabama Supreme Court in *Suits v. Glover*, 268 Ala. 449, 71 So.2d 49 (1954).

8. There is no allegation that any defendant personally participated in the alleged assault and battery of LB or aided or encouraged such assault in any way. The assault and battery claim therefore fails to state grounds upon which relief could be

granted.

9. The plaintiff's claim for negligent supervision fails to state a claim upon which relief could be granted because there is no special relationship between school boards and students or educators and students that imposes an obligation to protect students from private acts of violence.

10. The plaintiff's claims under state law against the Bullock County Board of Education are barred by Eleventh Amendment immunity.

11. The plaintiff's claims against the Bullock County Board of Education under state law are barred by absolute State immunity under Article I, Section 14, Constitution of Alabama (1901).

12. The claims against Robert McDuffie individually under Alabama law are barred by State-agent immunity. *Ex parte Cranman*, 792 So.2d 392 (Ala. 2000). The allegations are insufficient to establish any exception to State-agent immunity.

13. The plaintiff's claim for punitive damages, as applicable to the state law claims, is barred by statute, §6-11-26, Code of Alabama (1975).

14. Attorney's fees are not recoverable under Alabama law and are barred by the defendants' State immunity and State-agent immunity. *Ex parte Town of Lowndesboro*, 950 So.2d 1203 (Ala. 2006).

15. Pre-judgment interest as sought in the Complaint is not recoverable.

WHEREFORE, the defendants respectfully move the Court to dismiss with

prejudice all claims on behalf of "LB," who is not properly identified as a plaintiff, and all claims on behalf of Veronica Stanley, who is not a plaintiff. The defendants further request dismissal with prejudice of all federal claims against Robert McDuffie in his official capacity and all state law claims against all defendants. Further, the defendants request that the Court dismiss with prejudice the plaintiff's claims for punitive damages, attorney's fees and pre-judgment interest.

                                          */s/ Clay R. Carr*
                                          Mark S. Boardman (ASB-8572-B65M)
                                          Clay R. Carr   (ASB-5650-C42C)
                                          Attorney for Defendants
                                          BOARDMAN, CARR, HUTCHESON, P.C.
                                          400 Boardman Drive
                                          Chelsea, AL 35043-8211
                                          Telephone: (205) 678-8000
                                          Facsimile: (205) 678-0000

## CERTIFICATE OF SERVICE

I hereby certify that on **August 28, 2007**, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Kathryn Dickey
Law Offices of Kathryn Dickey
322 Alabama Street, Suite B
Montgomery, Alabama 36104

                                          s/Clay R. Carr
                                          Of Counsel

IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| VERONICA STANLEY, )<br>on behalf of minor child, LB, )<br>)<br>)<br>PLAINTIFF, )<br>)<br>VS. )<br>)<br>BULLOCK COUNTY BOE; )<br>BULLOCK COUNTY SCHOOL )<br>BOARD; BULLOCK COUNTY )<br>SCHOOL DISTRICT; and )<br>ROBERT MCDUFFIE, in his )<br>individual and official capacities, )<br>)<br>DEFENDANTS. ) | CASE NO: 2:07-CV-681 |

**DEFENDANTS' BRIEF IN SUPPORT OF MOTION TO DISMISS**

**COME NOW** the defendants in the above-styled cause and submit the following brief in support of their Motion to Dismiss filed concurrently herewith, respectfully showing as follows:

**GENERAL GROUNDS FOR DISMISSAL**

Claims on behalf of "LB" are due to be dismissed as they are not brought in the name of the real party in interest. Rule 17, Fed.R.Civ.P. requires that "[e]very action shall be prosecuted in the name of the real party in interest." The purpose of this rule is "to protect the defendant against a subsequent action by the party actually entitled

to recover, and to insure generally that the judgment will have its proper effect as res judicata." See Rule 17, Fed.R.Civ.P., *Advisory Committee Notes, 1966 Amendment.* Allowing claims to proceed on behalf of an improperly identified plaintiff will potentially subject the defendants to an indeterminate resolution of the claims stated in this case and to multiple suits arising from the same alleged incident. Claims on behalf of "LB" should therefore be dismissed.

The Complaint also seeks damages on behalf of Veronica Stanley, who is not identified as a plaintiff individually, but is named only "on behalf of minor child LB." Any demands for damages on behalf of the mother, who is not a party, fail to state claims for which relief can be granted and are due to be dismissed.

The Complaint also demands damages for "loss of society." However, minor plaintiff "LB" is the only plaintiff identified and he cannot seek damages for the loss of his own society. This demand therefore seeks relief that is unavailable and must be dismissed.

The Complaint also alleges that the plaintiff's action arises under the Civil Rights Act of 1964 and 20 U.S.C. §1681, the latter of which prohibits discrimination in education on the basis of sex. The factual allegations of the Complaint are insufficient to establish any civil rights violation based on sex or otherwise. Those claims should therefore be dismissed.

The Complaint also purports to name as defendants the "Bullock County BOE,

Bullock County School Board, and Bullock County School District." The proper identification of the defendant is the Bullock County Board of Education. The "Bullock County School Board" and "Bullock County School District" are not entities and all claims alleged against them should be dismissed.

## COUNT 1 - VIOLATION OF CONSTITUTIONAL RIGHTS

Count 1 of the Complaint alleges violation of LB's rights under the Due Process Clause of the 14th Amendment to the United States Constitution. This count refers to "defendants" in the plural form, but names specifically only the Bullock County Board of Education. In the caption of the Complaint, defendant Robert McDuffie is named "in his individual and official capacity," but Count 1, to the extent it is directed toward defendant McDuffie, does not identify in which capacity the claims against him are alleged. The Sixth Circuit Court of Appeals has held that if a plaintiff does not affirmatively plead the capacity in which he is suing State defendants, they will be considered as sued in their official capacities only. See *Wells v. Brown*, 891 F. 2d. 591, 593-94 (6th Cir. 1989). The U.S. Supreme Court has held that suits against officials in their official capacities are treated as suits against the entities by which the officials are employed. *Kentucky v. Graham*, 472 U.S. 159 (1985). Consequently, to the extent this count attempts to state claims against Robert McDuffie in his official capacity, such claims are due to be dismissed.

# COUNT 3 - ASSAULT AND BATTERY AND
# COUNT 4 - STATE LAW CLAIMS

Count 3 of the Complaint alleges a claim for assault and battery, and Count 4 states separate claims for assault and battery and negligent supervision. The factual allegations of the Complaint fail to establish grounds for an assault and battery claim against an educator, and all state law claims are barred by the defendants' State immunity and State-agent immunity. The state law claims must therefore be dismissed.

## Assault and Battery

In *Suits v. Glover*, 260 Ala. 449, 71 So. 2d 49 (1954), the Alabama Supreme Court held:

> To be guilty of an assault and battery, the teacher must not only inflict on the child immoderate chastisement, but he must do so with legal malice or wicked motives or he must inflict some permanent injury.

260 Ala. at 450, 71 So. 2d at 51. There is no allegation that defendant Robert McDuffie personally participated in the alleged assault and battery, nor that any permanent injury resulted to LB. Because the allegations of the Complaint do not establish the requirements for liability of an educator set out by the Alabama Supreme Court in *Suits v. Glover*, those claims must be dismissed.

In *Deal v. Hill*, 619 So. 2d. 1347 (Ala. 1993) the Alabama Supreme Court addressed similar claims by a student against a teacher who paddled her and a coach

who allegedly failed to prevent the paddling. Appealing from a summary judgment in favor of the educators, the student argued that the evidence presented a factual issue whether the coach could be held liable for conspiracy to commit assault. The Alabama Supreme Court noted that such a claim "rests on the principle that one who is present, encouraging, aiding, abetting, or assisting or who is ready to aide, abet or assist the other in the perpetration or commission of the offense, is a guilty participant, and in the eye of the law is equally liable with the one who does the act." 619 So. 2d. at 1349, quoting *Alabama Pattern Jury Instructions* (Civil), 5.03. The Supreme Court affirmed summary judgment for the coach, noting that there was no evidence of any conspiracy, and that, at most, the evidence showed that the coach failed to override the teacher's decision to punish the plaintiff student. *Id*. There is no allegation in the present case that any defendant encouraged, aided, abetted, or assisted in the perpetration of an assault and battery of plaintiff LB, only that the defendants "ratified" the actions of the offending student and failed to take adequate steps to remedy the situation *after the fact*. (Doc. 1, p. 7, ¶ 43). The plaintiff's alleged injuries arise from a single incident on April 5, 2006. (Doc. 1, p.3, ¶ 11) No action the defendants took or did not take after the fact caused or contributed to the plaintiff's alleged assault. There is no allegation that the defendants participated in any way or assisted in the assault and battery of LB, and Count 4 therefore fails to state any claim upon which relief could be granted. The assault and battery claim

under state law is due to be dismissed.

**Negligent Supervision**

Count 4 of the Complaint also alleges that the defendants breached a "duty to supervise and monitor the activities in [the] school so as to prevent students from injuring or harming themselves or other students." (Doc. 1, p. 8, ¶¶ 53, 54).[1]

In *Kelley v. Troy State University*, 923 F.Supp. 1494 (M.D. Ala. 1996), this Court held that similar claims under state law claim were barred by the defendants' Eleventh Amendment Immunity. In that case, the plaintiff sued Troy State University and several administrators in their official capacities. The suit alleged discrimination in violation of Title VII of the Civil Rights Act of 1964, violation of Equal Protection Rights actionable under 42 U.S.C. § 1983, violation of Title IX and pendent state law claims for assault and battery and invasion of privacy. On motion by the defendants, this Court dismissed the state law claims, finding them barred by Eleventh Amendment Immunity. The following portions of the opinion are directly relevant here:

> A court faced with a claim of Eleventh Amendment immunity must first determine whether the plaintiff is suing the state. This involves deciding whether the entity raising the defense can be considered an "agency or instrumentality" of the state. State law guides the determination. The

---

[1] Paragraph 53 refers to "Defendant Cooks" who is not named in the caption of the Complaint nor identified nor referred to anywhere else in the Complaint. To the extent this is an attempt to state claims against an additional defendant, and not merely a typographical error, such claims should be dismissed.

> Supreme Court of Alabama has determined that Troy State University is an agency of the State of Alabama.
>
> Where a party attempts to sue a state agency in federal court, the Eleventh Amendment prohibits the federal court from exercising jurisdiction over the suit, except where the state has consented to be sued or waived its immunity, or where congress has overridden the state's immunity. Congress has not overridden Alabama's immunity with regard to the state law claims of assault and battery and invasion of privacy, and Alabama has not consented to be sued or waived its immunity on such claims. In fact, the Alabama Constitution states "that the State of Alabama shall never be made a defendant in any court of law or equity." Ala. Const. art. I, § 14. Accordingly, this court concludes that the Plaintiff's state law claims against TSU for assault and battery and invasion of privacy are due to be dismissed for lack of jurisdiction.

923 F.Supp. at 1502. (Internal citations omitted). The Alabama Supreme Court likewise has determined that county boards of education are agencies of state government, *Hutt v. Etowah County Board of Education*, 454 So. 2d 973, 974 (Ala. 1984) and, as such, are protected by the state's sovereign immunity. *Louviere v. Mobile County Board of Education*, 670 So. 2d 873, 877 (Ala. 1995). As this Court noted in *Kelley v. Troy State University*, the State of Alabama has not consented to be sued for alleged negligence of its employees acting in their official capacities and it has not waived its immunity to such claims. The Alabama Supreme Court has held further that to the extent state agents are sued in their official capacity, they share in the state's sovereign immunity under Article I, § 14. See *Ex parte Tuscaloosa County*, 796 So. 2d 1100, 1106 (Ala. 2000); citing *Matthews v. Alabama Agricultural*

*and Mechanical University*, 787 So. 2d 691, 697 (Ala. 2000) (noting that an action seeking to recover money damages from a state agent in his official capacity is barred by the state's sovereign immunity.)  The plaintiff's state law claims against the Bullock County Board of Education and Robert McDuffie in his official capacity are, therefore, due to be dismissed.

Furthermore, both the vicarious assault and battery and negligent supervision claims against Robert McDuffie individually are barred by State-agent Immunity. The Alabama Supreme Court held in *Ex parte Cranman*, 792 So. 2d. 392, 405 (Ala. 2000) that :

> A State Agent *shall* be immune from civil liability in his or her personal capacity when the conduct made the basis of the claim against the agent is based upon the agent's
>
> (1)　Formulating plans, policies, or designs; or
>
> (2)　Exercising his or her judgment in the administration of a department or agency of government, including, but not limited to examples such as:
>
>   (a)　Making administrative adjudications;
>   (b)　Allocating resources;
>   (c)　Negotiating contracts;
>   (d)　Hiring, firing, transferring, assigning, or supervising personnel; or . . .
>
> (5)　Exercising judgment in the discharge of duties imposed by statute, rule, or regulation in releasing prisoners, counseling, or releasing persons of unsound mind, or educating students.

792 So. 2d at 405. (Emphasis in original). All of the plaintiff's claims under Count 4 clearly fall within the categories of conduct specifically enumerated by the Alabama Supreme Court in *Ex parte Cranman* for which state agents are protected by immunity.

In an attempt to circumvent the defendant's State-agent Immunity, the plaintiff alleges that the defendant's conduct "rose to the level of gross negligence such that malice should be inferred." (Doc. 1, ¶ 55) As noted previously, there is no allegation in the Complaint that LB was assaulted at any time other than April 5, 2006. The allegations fail to establish any basis for the claim of malicious acts by the defendant. Malice is defined in the Alabama Pattern Jury Instructions, Civil, 24.10 as "the intentional doing of a wrongful act without just cause or excuse, either (1) with an intent to do injury to another, or (2) under such circumstances that the law will imply an evil intent." Furthermore, the Alabama Supreme Court has held unequivocally that claims of wantonness must be supported by proof of the defendants' actual knowledge that injury will *likely or probably* result:

> [W]antonness, which requires some degree of conscious culpability, is not to be confused with negligence (i.e., mere inadvertence);
>
> > "Wantonness is not merely a higher degree of culpability in the negligence. Negligence and wantonness plainly and simply are qualitatively different tort concepts of actionable culpability. Implicit in wanton, willful, or recklessness conduct is an acting, with knowledge of danger, or with consciousness, that the doing or not doing

>of some act would likely result in injury. . . ." *McNeil v. Munson S.S. Lines*, 184 Ala. 420, 425, 63 So. 992 (1913).

*Bussey v. Eufaula Concrete Company, Inc.*, 567 So. 2d. 259, 260 (Ala. 1990). There simply are no facts alleged in the Complaint that, if proved, would support an inference that the defendant had actual knowledge an assault on LB was likely or probable to occur on April 5, 2006. Nor could the alleged facts support an inference that the defendant acted with knowledge of any danger to LB. The plaintiff's vague allegations of malicious conduct by the defendant are therefore insufficient to overcome the defendant's State-agent immunity and the question of the defendants' immunity can properly be determined at the motion to dismiss stage.

To the extent that Count 4 also attempts to extend liability for alleged negligent supervision to the Bullock County Board of Education under the theory of respondeat superior, such a tort claim against the Board of Education, a local agency of the state government, is clearly precluded by absolute State immunity under Article I, Section 14 of the Constitution of Alabama (1901). Furthermore, Duran Jackson, who is alleged to have harassed LB, is not identified in the Complaint as a student or employee of the Board, or otherwise. There are no facts alleged that would be sufficient to extend liability for Duran Jackson's actions to either the Board or Robert McDuffie. The defendants are therefore entitled to dismissal of Counts 3 and 4 of the plaintiff's Complaint.

**VIII Prayer for Relief**

In section VIII of the Complaint, "Prayer for Relief," the plaintiff seeks compensatory and punitive damages. Section 6-11-26, Code of Alabama (1975) provides:

> Punitive damages may not be awarded against the State of Alabama or any county or municipality thereof, or any agency thereof, except any entity covered under the Medical Liability Act now codified as Section 6-5-480 et seq., or any acts amendatory thereto.

As noted previously, county boards of education are state government agencies. Accordingly, the plaintiff's demand for punitive damages seeks relief that cannot be awarded against the Bullock County Board of Education. Such claim must therefore be dismissed as to the Board.

Furthermore, attorneys' fees are not recoverable for the state law claims and are barred by the defendants' State immunity and State-agent immunity. See *Ex parte Town of Lowndesboro*, 950 So.2d 1203 (Ala. 2006). Finally, pre-judgment interest as sought in the Complaint is not recoverable. These demands of the plaintiff's prayer for relief are therefore due to be dismissed.

WHEREFORE, the defendants respectfully move the Court to dismiss those portions of the plaintiff's Complaint identified herein.

                                                  */s/ Clay R. Carr*
Mark S. Boardman (ASB-8572-B65M)
Clay R. Carr   (ASB-5650-C42C)
Attorney for Defendants
BOARDMAN, CARR, HUTCHESON, P.C.
400 Boardman Drive
Chelsea, AL 35043-8211
Telephone:  (205) 678-8000
Facsimile:  (205) 678-0000

**CERTIFICATE OF SERVICE**

      I hereby certify that on **August 27, 2007**, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Kathryn Dickey
Law Offices of Kathryn Dickey
322 Alabama Street, Suite B
Montgomery, Alabama 36104

                                                  s/Clay R. Carr
                                                  Of Counsel