IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| **VERONICA STANLEY,** ) | |
| **on behalf of minor child, LB,** ) | |
| ) | |
| **Plaintiff,** ) | **CASE NO: 2:07-CV-681** |
| ) | |
| v. ) | |
| ) | |
| **BULLOCK COUNTY BOE;** ) | |
| **BULLOCK COUNTY SCHOOL** ) | |
| **BOARD; BULLOCK COUNTY** ) | |
| **SCHOOL DISTRICT; and** ) | |
| **ROBERT MCDUFFIE, in his** ) | |
| **Individual and official capacities,** ) | |
| ) | |
| **Defendants.** ) | |

**PLAINTIFF'S OPPOSITION RESPONSE TO DEFENDANTS'
MOTION TO DISMISS**

**COMES NOW**, the Plaintiff in the above-styled cause and files his response to Defendants' motion to dismiss. As grounds, the Plaintiff shows this Honorable Court the following:

1. As a minor child, LB does not have the capacity to sue. Pursuant to Rule 17 ©, Fed. R. Civ. P. an "infant or incompetent person who does not have a duly appointed representative may sue by a next friend or by a guardian ad litem." Veronica Stanley is the mother of the minor child and is the "next friend" of LB. If involvement of a minor child must be mentioned, only the initials of that child should be used. (*2007 US Order 5*) The United States District Court for the Middle District of Alabama, Northern Division requires that a minor be referenced with his/her initials when named in the caption of a complaint.

2.      "Bullock County School Board" and "Bullock County School District" are names traditionally used in reference to the "Bullock County Board of Education".  Bullock County School Board, Bullock County School District, and Bullock County Board of Education are the same for purposes of this litigation.

3.      The instant case is distinguished from most other cases involving a student attacking another student while in the class room of a public school.  In this case, two teachers were out of the classroom.  One teacher was out of the building leaving students completely unsupervised.  Public school officials do owe a duty to protect students from harm.

It is well established that boards of education are responsible for injuries proximately caused by the negligence of school personnel responsible for student supervision.  *Roberson v. Duval County School Board, 618 So.2d 360 (11th Cir. 1993)*.  LB would not have sustained injuries, but for the negligence of two teachers that were not supervising the students in their care.  Robert McDuffie was completely off the school premises for more than an hour.  The student that attacked LB had a history of fighting.  A public school owes a general duty of supervision to the students placed within its care

In *Broward County School Board v. Jose Ruiz, 493 So.2d 474 (11th Cir. 1986)*, the Court held that the school breached a duty to provide adequate security to its students, where student waiting for ride after school in cafeteria, where no supervision was provided, was attached by three students, while there was testimony that no one was specifically assigned to patrol cafeteria area after school.

Other circuits have held that school districts owe a duty of adequate supervision of students in their care, and will be liable for foreseeable injuries proximately related to the absence of adequate supervision. *Ghaffari v. North Rockland Cent. School Dist., 804 N.Y.S. 2d 752 (App. Div. 2d Dept. 2005)*.

4. Qualified immunity protects government officials sued in their individual capacity as long as their conduct violates no clearly established statutory or constitutional rights of which a reasonable person would have known. A reasonable person would have known not to leave a classroom for more than an hour completely unsupervised. The Eleventh Circuit has held that to be "clearly established" does not mean that a court must have previously found the very action in question unlawful. It does mean that in light of pre-existing law the unlawfulness must be apparent. *Jordan v. Doe, 38 F.3d 1559 (11th Cir. 1994)*; *42 U.S.C.A. Section 1983*.

5. Students have substantial and procedural rights while at school. To prevail on a claim of substantive due process violation, a plaintiff must prove that a defendant's conduct "shocks the conscience". *Nix v. Franklin County School Dist., 311 F.3d 1373 (11th Cir. 2003)*; *U.S.C.A. Constitution Amendment 14*. It shocks the conscience for a teacher to receive a telephone call, leave the premises of the school, leaving a classroom of junior high students for over an hour unsupervised and unprotected.

6. "A complaint cannot be dismissed unless it is clear that no relief could be granted under any set of facts that could be proved, consistent with the allegations, even where it may appear on the face of the pleadings that a recovery

is very remote." *Roe v. Aware Woman Center for Choice, Inc.,* 253 F.3d 678

(11th Cir. 2001).

  Respectfully submitted this 13th day of September 2007.

            /s/ Kathryn Dickey_____
            Kathryn Dickey (ASB87970d57k)
            Attorney for Plaintiff

OF COUNSEL:
LAW OFFICES OF KATHRY DICKEY
322 Alabama Street, Suite B
Montgomery, AL 36104
(334) 262-0728
(334) 265-7696  fax

## CERTIFICATE OF SERVICE

  I hereby certify that on September 13, 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/EFC system which will send notification of such filing to the following:

Honorable Clay R. Carr
Honorable Mark S. Boardman
Boardman, Carr, Hutcheson, P.C.
400 Boardman Drive
Chelsea, AL 35043

             \_/s/ Kathryn Dickey\_\_
            OF COUNSEL