# IN THE UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF ALABAMA
### NORTHERN DIVISION

| | | |
|---|---|---|
| VERONICA STANLEY, | ) | |
| on behalf of minor child, LB, | ) | |
| | ) | |
| | ) | |
| PLAINTIFF, | ) | |
| | ) | CASE NO:  2:07-CV-681 |
| VS. | ) | |
| | ) | |
| BULLOCK COUNTY BOE; | ) | |
| BULLOCK COUNTY SCHOOL | ) | |
| BOARD; BULLOCK COUNTY | ) | |
| SCHOOL DISTRICT; and | ) | |
| ROBERT MCDUFFIE, in his | ) | |
| individual and official capacities, | ) | |
| | ) | |
| DEFENDANTS. | ) | |

## DEFENDANT'S REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS

COMES NOW the Bullock County Board of Education and Robert McDuffie, Defendants in the above-captioned matter, and submit the following reply to the plaintiff's opposition to the defendants' motion to dismiss:

The plaintiffs argues that "Bullock County School Board" and "Bullock County School District" are commonly used in reference to the "Bullock County Board of Education" and that all are the same for the purposes of this litigation. (Doc. 6, ¶ 2).  Claims against a single corporate entity alleged under various

pseudonyms are merely duplicative, add no additional grounds for relief, and are unnecessarily confusing. All claims against non-entities should therefore be dismissed.

The plaintiff also contends that public school officials owe a duty to protect students from harm and that "it is well-established that boards of education are responsible for injuries proximately caused by the negligence of school personnel." (Doc. 6, ¶ 3). In support of that contention, the plaintiff cites *Roberson v. Duval County School Board*, 618 So.2d 360 (Fla. App. Dist. 1, 1993), which the plaintiff represents to be an opinion of the Eleventh Circuit Court of Appeals. The case is actually an opinion of the First District Court of Appeals for the State of Florida, and is neither an Eleventh Circuit nor a U.S. District Court opinion. This case therefore establishes nothing. The plaintiff also relies upon *Broward County School Board v. Jose Ruiz*, 493 So.2d 474 (Fla. App. Dist. 4), which she also represents to be an Eleventh Circuit opinion.[1] Again, the case is actually an opinion of the Fourth District Court of Appeals of the State of Florida, and is neither binding nor persuasive in this action under federal law and Alabama law. The third case cited by the plaintiff, *Ghaffari v. North Rockland Central School District*, 804 N.Y.S. 2d. 752

---

[1] The defendant assumes that the plaintiff's misrepresentation of these cases as 11th Circuit opinions was unintentional.

(App. Div. 2d Dept., 2005), is a New York state court case and also has no precedential authority.

Furthermore, the plaintiff's contention that public schools and school officials in this state have a duty to protect students from criminal acts by third parties is directly contrary to precedents of this Court and the Eleventh Circuit Court of Appeals. In *Griffin v. Troy State University*, 333 F.Supp.2d. 1275 (M.D. Ala. 2004); *aff'd.* 128 Fed.Appx.739 (11th Cir. 2005), this Court observed specifically "that a governmental duty to protect individuals from harm caused by third parties arises only when the individual and state are in a custodial relationship." *Id.* at 1282. The Court noted that in a *voluntary* relationship between a public school student and the state, as is the case here, "the state *does not* have an obligation to provide a certain level of safety to such a person or to protect such a person against injury from a third party." *Id.* (Emphasis added). See also *Santamorena v. Georgia Military College*, 147 F.3d 1337 (11th Cir. 1998).

The plaintiff also argues that clearly established law put defendant Robert McDuffie on notice that leaving a classroom of high school students unsupervised due to a family emergency was unreasonable and shocking to the conscience. These standards are applicable to federal qualified immunity of government actors, which the defendants have not raised at this stage. (Doc. 6, ¶¶ 4 and 5). The immunity

defenses raised by the defendants in their motion to dismiss were Eleventh

Amendment immunity, State immunity and State-agent immunity for the claims under

Alabama law. (Doc. 4, ¶¶ 10, 11 and 12). Standards for qualified immunity under

federal law are immaterial at this stage, and the plaintiff failed entirely to address the

immunities asserted by the defendants. As the plaintiff has not shown cause why the

defendants' motion should not be granted as to the claims addressed, the defendants

respectfully request that their motion to dismiss be granted.

WHEREFORE, The defendants respectfully show that plaintiff's opposition

to the defendant's motion to dismiss is without merit and the motion is due to be

granted.

/s/ Clay R. Carr
Clay R. Carr (ASB-5650-C42C)
BOARDMAN, CARR & HUTCHESON, P.C.
400 Boardman Drive
Chelsea, Alabama 35043-8211
(205) 678-8000
(205) 678-0000 FACSIMILE

## CERTIFICATE OF SERVICE

I hereby certify that on **September 25th, 2007**, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Kathryn Dickey
Law Offices of Kathryn Dickey
322 Alabama Street, Suite B
Montgomery, Alabama 36104


/s/ Clay R. Carr
Of Counsel
