IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| VERONICA STANLEY, On Behalf of minor child, "L.B." | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | CIVIL ACTION NO. 2:07cv681-WHA |
| BULLOCK COUNTY BOE, BULLOCK COUNTY SCHOOL BOARD and BULLOCK COUNTY SCHOOL DISTRICT, and ROBERT MCDUFFIE in his individual and official capacity, | ) ) ) ) ) ) ) | (WO) |
| Defendants. | ) | |

**MEMORANDUM OPINION AND ORDER**

**I. INTRODUCTION**

This cause is before the court on a Motion to Dismiss (Doc. # 4) filed by Defendants Bullock County Board of Education, (incorrectly designated in the caption of the Complaint as "BOE"), Bullock County School Board, Bullock County School District, and Robert McDuffie. The Plaintiff, Veronica Stanley, originally filed a Complaint on behalf of her minor son, "LB," in this case on July 26, 2007, bringing claims for: violating LB's right to freedom of bodily integrity and liberty under the due process clause of the Fourteenth Amendment (Count I); the implementation and execution of unconstitutional policies and customs with malice and deliberate indifference in violation of 42 U.S.C. § 1983 (Count II); assault and battery under state law (Count III, IV); and negligent supervision (Count IV).[1]

---

[1] Plaintiff alleges assault and battery as Count III, but then, in Count IV under the heading "State Law Claims," alleges both assault and battery and negligent supervision. Viewing the complaint in the light most favorable to Plaintiff, this court reads the alleged facts of Counts III and IV regarding the assault together, and reads Counts I and II together for reasons discussed below (see Discussion, Part IV.C., *infra*), understanding the alleged deprivation in Count I to be

For reasons to be discussed, the Motion to Dismiss is due to be GRANTED in part and DENIED in part.

## II. MOTION TO DISMISS STANDARD

The court accepts the plaintiffs' allegations as true, *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984), and construes the complaint in the plaintiffs' favor, *Duke v. Cleland*, 5 F.3d 1399, 1402 (11th Cir. 1993). To survive a motion to dismiss, a complaint need not contain "detailed factual allegations." *Bell Atlantic Corp. v. Twombly*, --- U.S. ----, 127 S.Ct. 1955 (2007). The complaint must contain "only enough facts to state a claim to relief that is plausible on its face." *Id.* at 1974. The factual allegations, however, "must be enough to raise a right to relief above the speculative level." *Id.* at 1965.

## III. FACTS

The allegations of the Plaintiffs' Complaint are as follows:

Plaintiffs claim that LB was in his classroom on April 5, 2006 at Bullock County Career Technical School, when teacher Robert McDuffie ("McDuffie") left the school suddenly and without notification due to a family emergency, thus leaving LB's class unattended. During this time, classmates from another unattended class came across the hall to harass LB and the other students. During this unprovoked attack, a male student, known for having physical confrontations with other students, grabbed LB and "body-slammed" his head onto the floor, causing serious physical injury.

The school secretary called Veronica Stanley ("Stanley") around 9:00am, and told her that her son had "fainted," instead of informing her of the assault. Further, the school failed to

---

the underlying basis for Plaintiff's § 1983 claim in Count II.

provide LB with treatment, despite having written authorization to do so, and placed the responsibility of providing immediate medical treatment from the assault onto Stanley, who was not even present.  Stanley picked up her son and took him to the Bullock County Hospital emergency room.

As a result of this assault, LB has allegedly suffered and continues to suffer: past and future medical expenses, psychological pain and suffering, mental anguish, past and future emotional distress, and loss of society.  Stanley, as LB's mother, has allegedly suffered: loss of income from attending her son's medical appointments, psychological pain and suffering, mental anguish, past and future emotional distress, and loss of society.  Consequently, Plaintiffs seek compensatory and punitive damages, pre-judgment and post-judgment interest, injunctive and declaratory relief, attorney's fees, costs of suit, and all other just and proper relief.  Defendants have moved for dismissal of various claims and requests for relief, as discussed in turn below.

## IV.  DISCUSSION

*A. Capacity to Sue and Proper Classification of the Parties*

Defendants move for dismissal of LB's claims on the grounds that they are not brought in the name of the real party in interest under FED. R. CIV. P. 17.  Defendant further moves for dismissal of any claims on Stanley's own behalf on grounds that she is not a party according to the caption, but rather sues only on her son's behalf.

Under Rule 17(a), "[n]o action shall be dismissed on the ground that it is not prosecuted in the name of the real party in interest until a reasonable time has been allowed after objection for ratification of commencement of the action by, or joinder or substitution of, the real party in interest . . . ." FED. R. CIV. P. 17(a); *see, e.g., Levinson v. Deupree,* 345 U.S. 648 (1953).  To

3

demonstrate that one is a real party in interest, one must allege facts sufficient to reveal that he suffered injury, that injury was caused by defendant's illegal conduct, and that his injury could be redressed by favorable outcome to the lawsuit. *Seckler v. Star Enterprise,* 124 F.3d 1399, 1406 (11th Cir. 1997). Although Stanley's complaint lists herself merely as suing on behalf of LB, the complaint, when read as a whole, alleges injuries to both parties caused by Defendants' allegedly illegal conduct, and enumerates individual damages suffered by both mother and child. It appears to this court that Ms. Stanley's complaint sufficiently put the defendants on notice that both Ms. Stanley and LB, through Ms. Stanley as mother and next friend, have alleged injuries, causation and the potential of redress through a favorable outcome. The court therefore declines at this time to dismiss the claims of either Plaintiff on Rule 17 or lack of capacity grounds, but will require Ms. Stanley to file an amended complaint correctly identifying herself, individually, and LB, a minor, suing through his mother and next friend, Veronica Stanley, if, as the court assumes, that is what she intended to do.

Second, Plaintiffs name three different parties in addition to McDuffie, all three of which are different synonymous references to the Bullock County Board of Education, and by Plaintiffs' admission are all "the same for purposes of this litigation." (Pl.'s Opp. Resp. To Def. Motion to Dismiss ¶ 2.) For the purpose of considering this Motion, the court will consider the parties to be Stanley and her son LB each as Plaintiffs, and Bullock County Board of Education (which Plaintiffs erroneously refer to as "BOE" in the caption) and McDuffie as Defendants; any claims against the other two legal non-entities are due to be DISMISSED..

<u>B. 42 U.S.C. § 1983 Claims - Counts 1 and 2.</u>

Although Plaintiff Stanley lists her Fourteenth Amendment violation as Count 1 and her 42 U.S.C. § 1983 claim as Count 2, they are indeed one and the same allegation: that LB was deprived of his "freedom of bodily integrity and liberty interest" under the Due Process Clause of the Fourteenth Amendment by the defendants. Section 1983 "is not itself a source of substantive rights, but a method for vindicating federal rights elsewhere conferred by those parts of the United States Constitution and federal statutes that it describes." *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979). Stanley and her son therefore allege a federal cause of action under § 1983 for violation of his Fourteenth Amendment constitutional rights.

### *1. Official Capacity Claims*

Defendants move to dismiss federal claims against McDuffie in his official capacity on the ground that these claims are duplicative of the same claims against McDuffie's employer. The court agrees.

Claims against officers in their official capacity are "functionally equivalent" to claims against the entity that they represent. *Kentucky v. Graham*, 473 U.S. 159, 165-66 (1985); *Busby v. City of Orlando*, 931 F.2d 764, 776 (11th Cir. 1991); *Godby v. Montgomery Cty. Bd. of Educ.*, 996 F. Supp. 1390, 1403 (M.D. Ala. 1998). Therefore, the federal claims against McDuffie in his official capacity are due to be DISMISSED. The court interprets these claims also to be against McDuffie in his individual capacity. Defendants do not challenge the individual capacity § 1983 claims.

### *2. Qualified immunity*

In their Opposition Response to Defendants' Motion to Dismiss, Plaintiffs assert arguments related to qualified immunity. (Doc. # 6, ¶¶ 4, 5). As stated above, the defendants

have not moved to dismiss the federal claims against McDuffie in his individual capacity on the basis of qualified immunity at this stage. Therefore, qualified immunity need not be addressed.

*C. Assault and Battery - Count 3*

Count 3 alleges a claim against all defendants for assault and battery, based on their alleged ratification of the actions of the boy who injured LB. The count fails to allege any federal statutory or constitutional basis for bringing any such claim under federal law, and to the extent that it may intend to assert a federal claim it is due to be DISMISSED. To the extent that it asserts a state law claim, it will be dealt with under Count 4.

*D. State Law Claims of Assault and Battery and Negligent Supervision - Count 4*

In Count 4, Plaintiffs allege two state law claims against the defendants: (1) assault and battery; and (2) negligence, specifically negligent supervision.

In the assault and battery claim, Plaintiffs allege that the defendants, individually and officially, "ratified" the conduct of the assaulting student, in that "they had actual knowledge of [his] conduct, knew or should have known such conduct constituted an assault and battery, and failed to take adequate steps to remedy the situation." (Complaint ¶ 43.) Plaintiffs further allege that the defendant employees had "actual knowledge" of the assault and battery on April 5, 2006, which was imputed to Defendant Board of Education, and that their "bad-faith" failure to provide immediate medical attention and to counsel LB showed "deliberate indifference, malice, and bad-faith" toward LB's injuries. (Complaint ¶¶ 49-50.)

Defendants argue that Plaintiffs' injuries arise from a single incident on April 5, 2006, and that there is no allegation that Defendants participated in any way or assisted in the assault and battery of LB; therefore, all claims should be dismissed. *Deal v. Hill*, 619 So. 2d 1347 (Ala.

1993) (affirming summary judgment for coach, noting no evidence of any conspiracy, and that, at most, the evidence showed that the coach, who did not paddle the student, failed to override the teacher's decision to punish plaintiff student by paddling him).

Plaintiff's negligent supervision claim is based solely on allegations that defendant McDuffie "was acting within the course and scope of his employment," that the defendants breached a duty, causing LB to be subjected to abuse by another student, and thereby causing the alleged injuries.[2] Plaintiffs further allege that such breach of duty was sufficiently egregious and objectively unreasonable so as to rise to the level of gross negligence and infer malice. (Complaint ¶¶ 52-56).

### 1. Official Capacity and Sovereign Immunity

Defendants argue for dismissal of the state law claims against the Board and against McDuffie in his official capacity, asserting sovereign immunity for the Board under Art I, § 14 of the Alabama Constitution (1901), as the school board is an agency of the state government. *Hutt v. Etowah County Board of Education*, 454 So. 2d 973, 974 (Ala. 1984); *Ex parte Cranman*, 792 So. 2d 392, 405 (Ala. 2000); *Ex Parte Tuscaloosa County*, 796 So. 2d 1100, 1106 (Ala. 2000).

The Alabama Constitution provides that "the State of Alabama shall not be made a defendant in any court of law or equity." Ala. Const. art. I, § 14. This is the basis for the doctrine of state sovereign immunity. County boards of education, as local agencies of the State, enjoy this immunity. *E.g.*, *Hutt v. Etowah County Board of Education,* 454 So. 2d 973, 974 (Ala.

---

[2]Plaintiff's allegations in ¶ 53 regarding "Defendant Cooks" is disregarded, as there is no defendant Cooks sued in this case.

1984). Sovereign immunity under § 14 of the Alabama Constitution "not only protects state agencies and corporations, but officers, agents, or employees in their official capacity . . ." *Ex parte Cranman*, 792 So. 2d at 399; *Parker v. Perry Cty. Bd. of Educ.,* 496 So. 2d 2, 5 (Ala. 1986)(school board members in official capacity entitled to sovereign immunity); *Hickman v. Dothan City Bd. Of Educ.*, 421 So. 2d 1257, 1259 (Ala. 1982) (school board employees in official capacities entitled to sovereign immunity).

Plaintiff's state law claims against the Board and against McDuffie in his official capacity are therefore due to be DISMISSED.

*2. Individual Capacity and State-Agent (Discretionary) Immunity.*

With respect to the state law claims against McDuffie in his individual capacity, the Defendants move for dismissal of these claims on the grounds of State-agent, or discretionary, immunity. *Ex parte Cranman,* 792 So. 2d at 399, 405.

A person acting as a State agent may be immune if the agent's act complained of was committed while that person was performing a discretionary act. *E.g.*, *Hayes v. Walters*, 628 So. 2d 558, 560 (Ala. 1993). Whether a particular defendant is engaged in a discretionary function, and thereby immune from liability, or a ministerial function, and thereby liable, is a question of law to be decided by the trial court. *Woods v. Wilson*, 539 So. 2d 224 (Ala. 1989). State-agent immunity is unavailable where the governmental agent acts willfully, maliciously, fraudulently, in bad faith, beyond his or her authority, or under a mistaken interpretation of the law. See *Wright v. Wynn*, 682 So. 2d 1 (Ala. 1996); *Barnes v. Dale* 530 So. 2d 770 (Ala. 988); *Rigby v. Auburn univ.* 448 So. 2d 345 (Ala. 1984); *DeStafney*, 413 So. 2d at 395; *Unzicker v. State*, 346 So. 2d 931 (Ala. 1977).

The Alabama Supreme Court has repeatedly held that the supervision of students is a discretionary act of judgment, and that persons engaged in such acts are entitled to immunity from negligence suits. *Worthington v. Elmore County Bd. of Educ.,* 160 Fed. Appx. 877 at *5 (11th Cir. 2005) (*citing Carroll v. Hammett*, 744 So. 2d at 910, 911 (Ala. 1999) ("It is well established that the supervision of students is a discretionary function.")).

The Alabama Supreme Court has established a "burden-shifting" process when a party raises the defense of discretionary, or State-Agent, immunity. *Giambrone v. Douglas*, 874 So. 2d 1046, 1053 (Ala. 2003). A defendant first bears the burden of demonstrating that a plaintiff's claims arise from a function that would entitle him or her to immunity. *Id.* If the defendant makes such a showing, the burden shifts to the plaintiff to establish that the defendant acted willfully, maliciously, fraudulently, in bad faith, or beyond his or her authority. *Id.* A defendant acts beyond authority and is therefore not immune when he or she "fail[s] to discharge duties pursuant to detailed rules or regulations, such as those stated on a checklist." *Id.* (citation omitted). The Alabama Supreme Court also has explained that "State agents are entitled to immunity for actions taken in the exercise of their judgment in educating students when they are discharging duties imposed by statute, rule, or regulations." *Id.* This immunity applies both to actions taken in educating students and in supervising personnel. *Id.* at 1055.

McDuffie's actions in leaving the classroom unattended amount to a discretionary function. Although McDuffie left the classroom for a family emergency, his decision to leave the class unattended while he took his temporary leave from the classroom, whether wise or unwise, was an act of judgment within his discretionary supervision of the classroom. *See Ex Parte Cranman*, 792 So. 2d at 405 (listing immunity when agent is ". . . exercising judgment in

the discharge of duties . . . in . . . educating students.") McDuffie would therefore be entitled to State-agent immunity unless Plaintiff has shown that he acted "willfully, maliciously, fraudulently, in bad faith, or beyond his or her authority." *Giambrone,* 874 So. 2d at 1057.

Although Plaintiffs allege in conclusory fashion that Defendants' negligent supervision was so egregious as to rise to gross negligence inferring malice, they provide no factual allegations that either McDuffie or any school employee acted "willfully, maliciously, fraudulently, in bad faith, beyond his or her authority, [or] under a mistaken interpretation of the law."*Ex parte Cranman*, 792 So. 2d at 405 (enumerating exceptions to state-agent immunity).[3] Although a Complaint "attacked by a 12(b)(6) motion to dismiss does not need detailed factual allegations," courts "are not bound to accept as true a legal conclusion couched as a factual allegation." *Twombly*, 112 S.Ct. at 1965. With no allegations other than legal conclusions, the details of the single incident, and subsequent failure to provide immediate medical attention, the state law claims against McDuffie in his individual capacity are due to be DISMISSED, with leave to amend.

*E. Motion to Dismiss with respect to additional grounds*

---

[3]In her Complaint, Stanley alleges that the school secretary called and told her that her son had "fainted", and to come pick him up, despite the fact that Stanley had authorized the school in writing to provide medical attention and treatment for her son. Complaint at ¶¶ 16-18. She further alleges that "Defendants were deliberately indifferent to the assault and battery when they in bad-faith failed to provide immediate medical attention and subsequently failed to counsel Plaintiff LB." Complaint at ¶ 49. Assuming (but not deciding) that these allegations of bad faith and deliberate indifference demonstrated "willful[], malicious[], fraudulent[] . . . bad faith, or [conduct] beyond his or her authority" sufficient to defeat discretionary immunity, the allegations do not point toward the named defendants, nor do they claim any type of agency relationship through which the defendants could be liable for the secretary's actions. As only McDuffie, who was not present at the time, is listed as an individual defendant, Stanley alleges no acts or omissions for which McDuffie could be liable in his individual capacity. McDuffie's liability in his official capacity has already been discussed, *supra* Part IV.D.1.

First, Defendants argue that Plaintiff LB, as "the only plaintiff identified in the action," cannot recover damages for the loss of his own society. (Motion to Dismiss, ¶ 3.) As explained above (Discussion, Part IV.A., *supra)*, Plaintiffs' Complaint is construed as requesting relief on behalf of both mother and child; therefore, the allegation that Stanley suffered "loss of society" with respect to her injured child is appropriate at this stage. *See, e.g., United States v. Dempsey*, 635 So. 2d 961, 962-65 (Fla. 1994). Although Alabama law prohibits a parent from claiming loss of society of a child as an element for recoverable damages, *Hannon v. Duncan,* 594 So. 2d 85, 93 (Ala. 1992), this state law does not apply to Stanley's federal § 1983 cause of action. LB's claim of loss of his own society, however, is due for dismissal.

Second, Defendants also argue that the allegations "fail to state sufficient grounds upon which relief could be granted under the Civil Rights Act of 1964 or 20 U.S.C. § 1681." (Motion to Dismiss ¶ 4). The court agrees. The Civil Rights Act of 1964 and 20 U.S.C. § 1681 together prohibit exclusion from participation in, denial of benefits of, and discrimination under federally assisted programs on grounds of race, color, national origin, or sex. 42 U.S.C. § 2000d et seq. (2006); 20 U.S.C. § 1681 (2006). The Complaint mentions these only in its jurisdictional allegations, and none of the Counts allege a cause of action under the Civil Rights Act of 1964 or 20 U.S.C. § 1681.

The court's dismissal of Plaintiff's state law claims obviates the need to address any of defendants' additional grounds regarding punitive damages, attorneys' fees, and pre-judgment interest.

## V. <u>CONCLUSION</u>

Upon careful consideration of the matters presently before the court in this case, and for the reasons stated, it is hereby ORDERED as follows:

1. The Motion to Dismiss, as to all claims against Robert McDuffie in his official capacity is GRANTED, and those claims are dismissed as duplicative of Plaintiffs' claims against his employer, the Bullock County Board of Education.

2. All claims against defendants designated as Bullock County School Board and Bullock County School District are DISMISSED, leaving Bullock County Board of Education and Robert McDuffie, in his individual capacity, as sole defendants.

3. Defendants' Motion to Dismiss with respect to "Count 3 - Assault and Battery" and "Count 4 - State Law Claims" is GRANTED, on the basis of sovereign immunity, and with prejudice, as to Bullock County Board of Education and State-Agent immunity, and without prejudice, as to Robert McDuffie.

4. Defendants' Motion to Dismiss with respect to any claims under the Civil Rights Act of 1964 or 20 U.S.C. § 1681 is GRANTED without prejudice for failure to state a claim for relief.

5. Defendant's Motion to Dismiss claims for "loss of society" is GRANTED with respect to LB but DENIED with respect to Stanley.

6. The Complaint in this case is unclear and confusing, not only as to who the Plaintiffs are, but also as to just what claims which plaintiffs assert against which defendant and the basis for doing so. Plaintiff is given until **December 3, 2007** to file an Amended Complaint stating:

   a. Both in the caption and in the body, just who the Plaintiffs are;

   b: In separate Counts for each plaintiff, against each defendant, precisely what federal statutory right of that plaintiff is claimed to have been violated by that

      defendant, how the plaintiff alleges that defendant to have violated that right, and what damages the plaintiff claims for that violation.

      c. If plaintiffs have a good faith basis to assert state law claims against McDuffie individually, they must be asserted in separate counts by each plaintiff with sufficient factual allegations to show that state-agent immunity would not apply.

The Amended Complaint must "reproduce the entire pleading as amended, and . . . not incorporate any prior pleading by reference." M.D. Ala. LR 15.1.

    Done this 15th day of November, 2007.

                               /s/ W. Harold Albritton
                               W. HAROLD ALBRITTON
                               SENIOR UNITED STATES DISTRICT JUDGE

A copy of this checklist is available at the website for the USCA, 11th Circuit at www.ca11.uscourts.gov
Effective on April 9, 2006, the new fee to file an appeal will increase from $255.00 to $455.00.

## CIVIL APPEALS JURISDICTION CHECKLIST

**1.** **Appealable Orders:** Courts of Appeals have jurisdiction conferred and strictly limited by statute:

(a) **Appeals from final orders pursuant to 28 U.S.C. § 1291:** Only final orders and judgments of district courts, or final orders of bankruptcy courts which have been appealed to and fully resolved by a district court under 28 U.S.C.§ 158, generally are appealable. A final decision is one that "ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." Pitney Bowes, Inc. v. Mestre, 701 F.2d 1 365, 1 368 ( 11th Ci r. 1 983). A magistrate judge's report and recommendation is not final and appealable until judgment thereon is entered by a district court judge. 28 U.S.C. § 636(c).

(b) **In cases involving multiple parties or multiple claims,** a judgment as to fewer than all parties or all claims is not a final, appealable decision unless the district court has certified the judgment for immediate review under Fed.R.Civ.P. 54(b). Williams v. Bishop, 732 F.2d 885, 885- 86 (11th Cir. 1984). A judg ment which resolves all issues except matters, such as attorneys' fees and costs, that are collateral to the merits, is immediately appealable. Budinich v. Becton Dickinson & Co., 486 U.S.196, 201, 108 S.Ct. 1717, 1721-22, 100 L .Ed.2d 178 (1988); LaChance v. Duffy's Draft House, Inc., 146 F.3d 832, 837 (11th Cir. 1998).

(c) **Appeals pursuant to 28 U.S.C. § 1292(a):** Appeals are permitted from orders "granting, continuing, modifying, refusing or dissolving injunctions or refusing to dissolve or modify injunctions . . ." and from "[i]nterlocutory decrees . . . determining the rights and liabilities of parties to admiralty cases in which appeals from final decrees are allowed." Interlocutory appeals from orders denying temporary restraining orders are not permitted.

(d) **Appeals pursuant to 28 U.S.C. § 1292(b) and Fed.R.App.P. 5**: The certification specified in 28 U.S.C. § 1292(b) must be obtained before a petition for permission to appeal is filed in the Court of Appeals. The district court's denial of a motion for certification is not itself appealable.

(e) **Appeals pursuant to judicially created exceptions to the finality rule:** Limited exceptions are discussed in cases including, but not limited to: Cohen v. Beneficial Indus. Loan Corp., 337 U.S. 541, 546, 69S.Ct. 1221, 1225-26, 93 L.Ed. 1528 (1949); Atlantic Fed. Sav. & Loan Ass'n v. Blythe Eastman Paine Webber, Inc., 890 F.2d 371, 376 (11th Cir. 1989); Gillespie v. United States Steel Corp., 379 U.S. 148, 157, 85 S.Ct. 308, 312, 13 L.Ed.2d 199 (1964).

Rev.: 4/04

2. **Time for Filing**: The timely filing of a notice of appeal is mandatory and jurisdictional. Rinaldo v. Corbett, 256 F.3d 1276, 1278 (11th Cir. 2001). In civil cases, Fed.R.App.P. 4(a) and (c) set the following time limits:

   (a) **Fed.R.App.P. 4(a)(1):** A notice of appeal in compliance with the requirements set forth in Fed.R.App.P. 3 must be filed in the district court within 30 days after the entry of the order or judgment appealed from. However, if the United States or an officer or agency thereof is a party, the notice of appeal must be filed in the district court within 60 days after such entry. **THE NOTICE MUST BE RECEIVED AND FILED IN THE DISTRICT COURT NO LATER THAN THE LAST DAY OF THE APPEAL PERIOD – no additional days are provided for mailing.** Special filing provisions for inmates are discussed below.

   (b) **Fed.R.App.P. 4(a)(3):** "If one party timely files a notice of appeal, any other party may file a notice of appeal within 14 days after the date when the first notice was filed, or within the time otherwise prescribed by this Rule 4(a), whichever period ends later."

   (c) **Fed.R.App.P. 4(a)(4):** If any party makes a timely motion in the district court under the Federal Rules of Civil Procedure of a type specified in this rule, the time for appeal for all parties runs from the date of entry of the order disposing of the last such timely filed motion.

   (d) **Fed.R.App.P. 4(a)(5) and 4(a)(6):** Under certain limited circumstances, the district court may extend the time to file a notice of appeal. Under Rule 4(a)(5), the time may be extended if a motion for an extension is filed within 30 days after expiration of the time otherwise provided to file a notice of appeal, upon a showing of excusable neglect or good cause. Under Rule 4(a)(6), the time may be extended if the district court finds upon motion that a party did not timely receive notice of the entry of the judgment or order, and that no party would be prejudiced by an extension.

   (e) **Fed.R.App.P. 4(c):** If an inmate confined to an institution files a notice of appeal in either a civil case or a criminal case, the notice of appeal is timely if it is deposited in the institution's internal mail system on or before the last day for filing. Timely filing may be shown by a declaration in compliance with 28 U.S.C. § 1746 or a notarized statement, either of which must set forth the date of deposit and state that first-class postage has been prepaid.

3. **Format of the notice of appeal:** Form 1, Appendix of Forms to the Federal Rules of Appellate Procedure, is a suitable format. See also Fed.R.App.P. 3(c). A pro se notice of appeal must be signed by the appellant.

4. **Effect of a notice of appeal:** A district court loses jurisdiction (authority) to act after the filing of a timely notice of appeal, except for actions in aid of appellate jurisdiction or to rule on a timely motion of the type specified in Fed.R.App.P. 4(a)(4).