IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| VERONICA STANLEY, individually and as Mother and Next Friend of LB, a minor <br><br> Plaintiffs, <br><br> v. <br><br> BULLOCK COUNTY BOARD OF EDUCATION and ROBERT MCDUFFIE, in his Individual capacity, <br><br> Defendants. | CASE NO.: CV-2:07-cv-681-WHA <br><br> JURY TRIAL DEMANDED |

## AMENDED COMPLAINT

**COMES NOW,** the Plaintiffs, Veronica Stanley and LB, through Veronica Stanley, his mother and next friend, and files this complaint against the Bullock County Board of Education and Robert McDuffie, in his individual capacity, as follows:

### Parties

1. The Plaintiff, Veronica Stanley, is a natural person who is a citizen of the United States of American, a resident of Bullock County, Alabama, and is over the age of majority.

2. The Plaintiff, LB, is a minor and Veronica Stanley, is the mother of (LB) and is acting on his behalf for the purpose of this lawsuit.

3. The name "LB" is used as a pseudonym which is used in order to protect the identity of a minor. *Doe v. Frank*, 951 F.2d 320 (11th Cir. 1992).

4. The Defendant, Bullock County Board of Education is a political subdivision of the State of Alabama resident of Bullock County, Alabama.

5. The Defendant, Robert McDuffie, is a resident of the United States of America and of Bullock County, Alabama, is over the age of majority, and is a teacher at the Bullock County Career Technical School in Bullock County, Alabama.

## Jurisdiction and Venue

6. This Court has jurisdiction over the litigation herein pursuant to 28 U.S.C. § 1331, as the action arises under Federal law, 42 U.S.C. § 1983 and the Due Process Clause of the Fourteenth Amendment of the United States Constitution. This Court has supplemental/pendent jurisdiction pursuant to 28 U.S.C. § 1367 over Plaintiffs' tort law claims because of the close relationship to the claims within the Court's original jurisdiction that they form part of the same case or controversy under Article 3 of the United States Constitution.

7. Venue is proper as this Court encompasses a judicial district where any Defendant resides and all Defendants reside in Bullock County, Alabama, and the events made the basis of this lawsuit occurred in Bullock County, Alabama.

## Statement of Facts Giving Rise to Cause of Action

8. On April 5, 2006, during first period, which started at 8:00 A.M., Plaintiff LB was in his Construction classroom at Bullock County Career Technical School.

9. During this first period class, LB's teacher, Robert McDuffie, acting beyond his authority, and in reckless disregard for the safety of the students under his supervision, left the school premises to take a set of car keys to a relative locked out of her/his car. Thus, leaving his classroom completely unattended for a long period of

time in violation of the rules and regulations of the Bullock County Board of Education.

10. During the same period, the Agriculture classroom across the hall was also left unattended by its teacher. This teacher had not left the school premises, but was not supervising students under his/her supervision when a group of male students left the classroom.

11. Consequently, male students, including Duran Jackson, a student known by Robert McDuffie and the Bullock County Board of Education for having a propensity of physically attacking students, left the unattended Agriculture class and went across the hall to harass the students in LB's classroom, which remained unattended.

12. During this "unprovoked" attack, Duran Jackson grabbed LB and "body-slammed" his head on the floor causing serious physical injury.

13. At approximately 9:00 A.M., LB's mother, Veronica Stanley, was called by the school's secretary and was told that her son had "fainted", and that she needed to come to the school to take him to the doctor, when, in fact, he was assaulted by another student.

14. Despite the fact that Plaintiff signed a standard authorization for the school to provide or obtain medical treatment for her son, no such treatment was provided.

15. In fact, by the nature of the phone call from the school secretary, the responsibility of providing medical treatment was ignored by the Bullock County Board of Education and placed upon Veronica Stanley, although the need for such treatment was immediate.

16. After receiving the secretary's call, Veronica Stanley picked up her son at the school and took him to the Emergency Room at Bullock County Hospital.

17. As a result of the assault, LB continues to have nightmares, headaches, and a traumatic loss of memory of the incident. LB has not attended school as well as before this assault as a result of the physical injuries he suffered.

18. At all relevant times, Defendants were acting under color of the laws and regulations of the State of Alabama and the Bullock County Board of Education. The Bullock County Board of Education enabled its agents and employees to act with deliberate indifference to the constitutional rights of students within its care.

19. At all relevant times, Defendant, Bullock County Board of Education, received federal funds and Bullock County Career Technical School was within the jurisdiction of the Bullock County Board of Education.

20. The policies and customs of the Bullock County Board of Education created an atmosphere conducive to violence and aggression between students by not removing students from the school facility who had a history of aggressive behavior towards other students and allowing Robert McDuffie to leave the school premises without consequences. This was not the first time that Robert McDuffie had left the school premises, leaving students under the care of the Bullock County Board of Education unattended and in harm's way.

**COUNT I – As to Plaintiff LB**
**Violation of Constitutional Rights against Defendant Bullock County Board of Education**

**42 U.S.C. § 1983** and **Fourteenth Amendment**

21. Plaintiffs reallege and incorporate herein paragraphs 1 through 20 above and make said paragraphs a part of this Count.

22. The constitutional deprivation alleged in paragraphs above was the result of the implementation and execution of the unconstitutional policies and customs by Defendants.

23. Defendant Bullock County Board of Education had actual and/or constructive knowledge that Defendant Robert McDuffie had previously left his classroom unattended and did not take steps to correct his misconduct.

24. Defendant Bullock County Board of Education had actual and/or constructive knowledge of the harassment and physical attacks of one student, Duran Jackson, on other students at Bullock County Career Technical School and failed to take prompt remedial action.

25. At all times relevant hereto, the Defendant knowingly permitted the hostile environment to exist, which denied LB the benefits of a public education free from physical abuse and harassment.

26. At all times relevant hereto, the Defendant Bullock County Board of Education knowingly permitted Defendant Robert McDuffie to leave his classroom unattended, placing the students under its care in danger of physical harm.

27. The exercise of these established policies and customs violated Plaintiff LB's rights under the United States Constitution to freedom of bodily integrity.

28. The Bullock County Board of Education engaged in a pattern and practice of such conduct alleged herein. The Bullock County Board of Education acted willfully by knowingly allowing students to remain in classrooms unattended. The Bullock

County Board of Education acted with malice and/or reckless indifference to LB's federally protected rights.

29. As a result, LB suffered physical and emotional harm and continues to suffer.

### Count II – As to LB
### Violation of Constitutional Rights against Defendant Robert McDuffie in his individual capacity

### § 1983 and 14th Amendment

30. Plaintiffs reallege and incorporate paragraphs 1-29 above and make said paragraphs part of this count.

31. Defendant Robert McDuffie had actual and/or constructive knowledge of the rules and regulations regarding leaving students in classrooms unattended during the school day.

32. Defendant Robert McDuffie had actual and/or constructive knowledge of the harassment and physical attacks of one student, Duran Jackson, on other students at Bullock County Career Technical School and willfully failed to take reasonable care to insure the safety of the students in his class when he left them unattended for a long period of time. Defendant Robert McDuffie willfully breached his duty to follow the rules and regulations of the Bullock County Board of Education.

33. Defendant Robert McDuffie's actions violated Plaintiff LB's rights under the United States Constitution to freedom of bodily integrity.

34. As a proximate cause of Robert McDuffie's actions, Plaintiff LB suffered physical and emotional injuries and continues to suffer.

### Count III – As to LB

### Negligent Supervision against Defendant Robert McDuffie in his individual capacity

6

35. Plaintiffs reallege and incorporate paragraphs 1-29 above and make said paragraphs a part of this count.

36. Defendant Robert McDuffie acted willfully, maliciously, and beyond his authority when he left his classroom unattended for a long-period of time to take a set of car keys to relative locked out of their car.

37. As a proximate cause of Defendant Robert McDuffie's actions, Plaintiff LB suffered physical and emotional injuries and continues to suffer.

**Count III – As to Plaintiff Veronica Stanley – 14th Amendment Against Defendant Robert McDuffie in his individual capacity**

38. Plaintiffs reallege and incorporate paragraphs 1-32 above and make said paragraphs part of this count.

39. Defendant's actions violated Plaintiff Veronica Stanley's right to have her minor child educated in an environment free from physical attacks.

40. As a result of Defendant Robert McDuffie's actions, Plaintiff Veronica Stanley has suffered damages, including, but not limited to, loss of wages, loss of society, and emotional distress.

**Damages**

41. Plaintiff LB was physically injured, including, but not limited to, a concussion. This injury has caused LB to suffer severe headaches, memory loss, and significant emotional distress. Plaintiff Veronica Stanley has suffered emotional distress, loss of society and loss of income.

## PRAYER FOR RELIEF

**WHEREFORE, PREMISES CONSIDERED,** Plaintiffs pray that this Honorable Court grant the following:

    A.    Assume jurisdiction over this action;

    B.    Injunctive and declaratory relief;

    C.    An award of loss of society, as to Plaintiff Veronica Stanley;

    D.    An award of all court costs and reasonable attorneys' fees;

    E.    An award of such compensatory damages, including for mental anguish, to which Plaintiffs may be entitled;

    F.    Such further, other, and different relief as the Court may deem appropriate and necessary.

## A TRIAL BY JURY IS REQUESTED

Respectfully submitted this the 3rd day of December 2007.

                          /s/ Kathryn Dickey
                          Kathryn Dickey (DIC025)
                          Attorney for Plaintiffs

**OF COUNSEL:**

Law Offices of Kathryn Dickey
322 Alabama Street
Suite B
Montgomery, AL 36104
(334) 262-0728
(334) 265-7696  fax

**CERTIFICATE OF SERVICE**

      I hereby certify that on December 3, 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/EFC system which will send notification of such filing to the following:

Honorable Clay R. Carr
Honorable Mark S. Boardman
Boardman, Carr, Hutcheson, P.C.
400 Boardman Drive
Chelsea, AL 35043

                                                                                      /s/ Kathryn Dickey
                                                                                      OF COUNSEL