IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| VERONICA STANLEY, ) <br> on behalf of minor child, LB, ) <br> ) <br> ) <br> PLAINTIFF, ) <br> ) <br> VS. ) <br> ) <br> BULLOCK COUNTY BOE; ) <br> BULLOCK COUNTY SCHOOL ) <br> BOARD; BULLOCK COUNTY ) <br> SCHOOL DISTRICT; and ) <br> ROBERT MCDUFFIE, in his ) <br> individual and official capacities, ) <br> ) <br> DEFENDANTS. ) | CASE NO: 2:07-CV-681 |

## ANSWER

COME NOW the Bullock County Board of Education and Robert McDuffie, defendants in the above-styled cause, and for their Answer to the plaintiff's Complaint, state as follows:

1. The defendants plead the general issue, deny all material averments of the plaintiff's Complaint, except allegations as to jurisdiction, and demand strict proof thereof.

2. The defendants deny any actual knowledge of the facts or circumstances

alleged by the plaintiff in the Complaint.

3. The minor, designated only as "LB," is nowhere identified in court records. Thus, this case is not pursued in the name of the real party in interest. Any judgment for or against "LB" would be facially defective, because there could be any number of potential plaintiffs with initials "LB," including siblings of "LB" or other children of Veronica Stanley.

4. The defendants deny any constructive notice of the facts or circumstances alleged by the plaintiff in the Complaint.

5. The plaintiff's Complaint fails to state a claim upon which relief can be granted against the defendants.

6. The allegations of the plaintiff's Complaint fail to establish any deprivation of Constitutional rights.

7. The Bullock County Board of Education is not an entity subject to liability for damages under 42 U.S.C § 1983.

8. If the Complaint sufficiently alleges a constitutional deprivation, the defendants did not cause such alleged deprivation.

9. The defendants did not deprive any plaintiff of the right to due process.

10. The defendants did not deprive any plaintiff of equal protection.

11. There is no causal connection between any alleged action of the

defendants and the injury or damages claimed by the plaintiff.

12. The actions of the defendants were not shocking to the conscience and are therefore an insufficient basis for liability to the plaintiff.

13. The Complaint alleges a criminal attack by a third party for which the defendants cannot be held liable.

14. The defendants plead the defense of unclean hands of the plaintiff or "LB" or both.

15. The defendants plead that "LB" acted *in pari delicto* with the alleged attacker.

16. The defendants plead that "LB" acted as *particeps criminis.*

17. No special relationship between the minor plaintiff and the defendants existed.

18. No action or inaction by the defendants created any special danger or subjected the minor plaintiff to any special danger.

19. The defendants plead the defenses of intervening and superceding cause.

20. The defendants deny any deliberate indifference to alleged violation of the plaintiff's statutory or Constitutional rights.

21. The defendants deny that any policy or custom of the Bullock County Board of Education caused any deprivation of the plaintiff's rights.

22. The defendants deny that any custom or practice of defendant Robert McDuffie caused any deprivation of the plaintiff's rights.

23. The defendants plead the defense of sovereign immunity.

24. The defendants plead the defense of state immunity.

25. The defendants plead the defense of qualified immunity.

26. The defendants plead the defense of State-agent immunity.

27. The defendants plead the school master's defense.

28. The defendants plead that the plaintiff has failed to exhaust administrative remedies and that her claims under State law are therefore barred.

29. The defendants plead assumption of the risk by "LB."

30. The defendants plead the defense of contributory negligence by the plaintiff and "LB."

31. The Bullock County Board of Education pleads the defense of Eleventh Amendment immunity. The Alabama Supreme Court has held conclusively that Boards of Education are agencies of the State of Alabama government and that, under current federal law, state laws determine whether a government agency is an arm of the state or of a local government.

32. The defendants plead that their actions were reasonable in light of known circumstances.

33. The defendants plead that punitive damages are not available against the Bullock County Board of Education.

34. The defendants plead lack of proximate cause.

35. The defendants deny any breach of duty.

36. The defendants deny any breach of professional duty.

37. The defendants deny that the plaintiff suffered any injury or deprivation after the defendants learned of the incident in which the plaintiff allegedly was injured.

38. The defendants deny any willful, negligent, malicious, wanton or other wrongful conduct.

39. Defendant Robert McDuffie denies any violation of polices of the Bullock County Board of Education.

40. Defendant Robert McDuffie denies having acted at any time beyond his authority.

41. The defendants plead that medical expenses claimed by the plaintiff have been paid, in whole or in part by collateral sources.

42. The defendants deny that the plaintiff has incurred any injury or

damages as alleged.

43. The defendants deny that the plaintiff has been injured or damaged to the extent claimed in the Complaint.

44. The defendants deny that the allegations of the Complaint state claims upon which relief could be granted.

45. The defendants deny that the allegations of plaintiff Veronica Stanley state any claim upon which relief could be granted.

46. The plaintiff seeks punitive damages. The defendants say that the plaintiff's claim for punitive damages violates the Fourth, Fifth, Sixth, Eighth and Fourteenth Amendments of the United States Constitution, on the following grounds:

   a. Plaintiff's claim for punitive damages violates the Due Process and Equal Protection Clauses of the Fifth and Fourteenth Amendments of the United States Constitution in that it would impose punitive damages, which are penal in nature, against civil defendants which would deprive the civil defendants of the same procedural safeguards afforded to criminal defendants; and

   b. Plaintiff's claim for punitive damages violates the defendants' right to due process pursuant to the Due Process Clause of the

    Fourteenth Amendment of the United States Constitution in that it fails to provide specific standards for the amount of an award of punitive damages; and

c. Plaintiff's claim for punitive damages violates the Due Process Clause of the Fifth and Fourteenth Amendments of the United States Constitution in that it fails to provide a reasonable limit on the amount of an award of punitive damages; and

d. Plaintiff's claim for punitive damages violates the Due Process Clause of the Fifth and Fourteenth Amendments of the United States Constitution in that it is unconstitutionally vague; and

e. Plaintiffs' claim for punitive damages violates the Due Process Clause of the Fifth and Fourteenth Amendments of the United States Constitution in that it would constitute a deprivation of property without due process of the law; and

f. Plaintiff's claim for punitive damages violates the Due Process Clause of the Fifth and Fourteenth Amendments and the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution in that it would permit the imposition of punitive damages in excess of the maximum criminal fine for the

    same or similar conduct; and

 g. Plaintiff's claim for punitive damages violates the Eight Amendment of the United States Constitution in that it would constitute an excessive fine as well as cruel and unusual punishment; and

 h. Plaintiff's claim for punitive damages violates the Due Process and Equal Protection Clauses of the Fourteenth Amendment of the United States Constitution in that it may result in an award of joint and several judgments against multiple defendants for different alleged acts of wrongdoing.

47. The plaintiff's claim for punitive damages violates the Due Process Clause of the Alabama Constitution (1901), on the following grounds:

 a. Plaintiff's claim for punitive damages would impose punitive damages, which are penal in nature, against civil defendants which would deprive the civil defendants of the same procedural safeguards afforded to criminal defendants; and

 b. Plaintiff's claim for punitive damages fails to provide specific standards for the amount of an award of punitive damages; and

 c. Plaintiff's claim for punitive damages fails to provide a

        reasonable limit on the amount of an award of punitive damages; and

    d.    Plaintiff's claim for punitive damages is unconstitutionally vague; and

    e.    Plaintiff's claim for punitive damages would constitute a deprivation of property without due process of the law; and

    f.    Plaintiff's claim for punitive damages would permit the imposition of punitive damages in civil a case in excess of the maximum criminal fine established by Title 13 of the Alabama Code for the same or similar conduct.

48. Plaintiff's claim for punitive damages violates Article I, § 15 of the Alabama Constitution (1901) in that it would constitute an excessive fine as well as cruel and unusual punishment.

49. Plaintiff's claim for punitive damages violates Article I, § 10, Clause 1 of the United States Constitution and Article I, § 22 of the Alabama Constitution (1901) in that it would violate the prohibition against laws that impair the obligations of contracts.

50. Plaintiff's claim for punitive damages would constitute an unreasonable and excessive award in that it bears no reasonable relationship to any

harm the plaintiff allegedly suffered as a result of the defendants' conduct or any harm that actually occurred to the plaintiff.

51. Plaintiff's claim for punitive damages is subject to the "clear and convincing" and "substantial evidence" standards of proof contained in Alabama Code § 6-11-20(4) (1975) pursuant to the Due Process Clause of the Alabama Constitution (1901).

52. The defendants plead the applicable sections of *Alabama Code § 6-11-21*, as amended by the 1999 Regular Session of the Alabama Legislature and as signed into law by the Governor. Specifically, the defendants plead the restrictions and regulations on an award of punitive damages.

53. The defendants further plead all other applicable punitive damage caps currently in the Alabama Code, even if such caps have previously been declared unconstitutional by the Supreme Court, specifically stating that the Alabama Supreme Court has issued an opinion expressing its interest in revisiting the constitutionality of caps on punitive damages.

/s/ *Mark S. Boardman*
Mark S. Boardman (ASB-8572-B65M)

/s/ *Clay R. Carr*
Clay R. Carr  (ASB-5650-C42C)

BOARDMAN, CARR, HUTCHESON
& BENNETT, P.C.
400 Boardman Drive
Chelsea, AL 35043-8211
Telephone: (205) 678-8000
Facsimile: (205) 678-0000

### CERTIFICATE OF SERVICE

I hereby certify that I have on this **17th** day of **December**, **2007**, submitted the foregoing via the CM/ECF system, and that counsel for the plaintiffs are registered to receive a **Notice of Electronic Filing**, to wit:

Kathryn Dickey
Law Offices of Kathryn Dickey
322 Alabama Street, Suite B
Montgomery, Alabama 36104

/s/ *Mark S. Boardman*
Of Counsel