# IN THE UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF ALABAMA
# NORTHERN DIVISION

| | |
|---|---|
| L.B., a minor, who sues through his mother and next friend, Veronica Stanley, and VERONICA STANLEY, individually, | )<br>)<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | ) CASE NO: 2:07-CV-681-WHA<br>)<br>) |
| BULLOCK COUNTY BOARD OF EDUCATION and ROBERT MCDUFFIE, in his individual capacity, | )<br>)<br>)<br>) |
| Defendants. | ) |

## DEFENDANTS' MOTION FOR PROTECTIVE ORDER

**COME NOW** the Bullock County Board of Education and Robert McDuffie, defendants in the above-styled cause, and respectfully move the Court for a Protective Order concerning the disclosure, production, use or dissemination of information pertaining to students in the Bullock County school system who are not parties to this cause. As grounds, the defendants show as follows:

1. The defendants' disclosure obligations under Rule 26(a)(1), F.R.Civ.P., may require the defendants to disclose the names and other identifying information about students who are not parties to this litigation. The disclosure of such

information by school officials is limited by state and federal laws, including the Family Educational Rights and Privacy Act, 20 U.S.C. §1232(g). The defendants therefore state in good faith that they cannot disclose the names of students who may have discoverable knowledge without fear of subjecting themselves to further litigation and possible liability for violating students' privacy rights.

2.   The defendants reasonably anticipate that the plaintiffs' discovery requests or deposition examinations or both will also require disclosure of the names of or other information pertaining to non-party students.

3.   The defendants recognize their obligation to disclose the identities of individuals likely to have discoverable knowledge, and their obligation to respond to discovery requests propounded by the plaintiffs, and the defendants would not object to disclosing or producing student information in the absence of legitimate concerns for violating those students' privacy rights.

4.   The defendants therefore request a Protective Order, directing them to disclose the names of any students who may have discoverable knowledge relevant to the plaintiffs' claims or the defendants' defenses in this case, and to respond to any further discovery requests by the plaintiffs where disclosure or production of student information would be required. Specifically, the defendants request an order:

   (a)   Directing the defendants to supplement their Initial Disclosures

if necessary and to answer discovery requests, including disclosing the names of students where applicable;

  (b) Restricting the use of such information by the parties to purposes of this litigation;

  (c) Imposing any further restrictions on the use or disclosure of such information that the Court may deem necessary or appropriate.

 5. The defendants have submitted a proposed order as an attachment to this motion. Counsel for the defendants has discussed this motion with the plaintiffs' attorney, who has reviewed the proposed order and has no objection to its entry.

 WHEREFORE, the defendants, without objection by the plaintiffs, respectfully request that the Court enter a Protective Order as stated herein.

        */s/ Clay R. Carr*
        Clay R. Carr  (ASB-5650-C42C)
        Boardman, Carr, Hutcheson & Bennett, P.C.
        400 Boardman Drive
        Chelsea, AL 35043-8211
        Telephone: (205) 678-8000
        Facsimile: (205) 678-0000

## CERTIFICATE OF SERVICE

  I hereby certify that on **January 16, 2008**, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Kathryn Dickey
Law Offices of Kathryn Dickey
322 Alabama Street, Suite B
Montgomery, Alabama 36104

                *s\Clay R. Carr*
                Of Counsel

IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| L.B., a minor, who sues through his mother and next friend, Veronica Stanley, and VERONICA STANLEY, individually, | ) ) ) ) ) |
| Plaintiff, | ) ) ) CASE NO: 2:07-CV-681-WHA |
| v. | ) ) |
| BULLOCK COUNTY BOARD OF EDUCATION and ROBERT MCDUFFIE, in his individual capacity, | ) ) ) ) |
| Defendants. | ) |

## PROTECTIVE ORDER

This cause came before the Court on the *Defendants' Motion for Protective Order* concerning the disclosure or production by the defendants of information which identifies students who are not parties to this litigation and the parties' use of such information. The Court has been advised that counsel for the plaintiff has no objection to the Protective Order proposed by the defendants. The Court is therefore of the opinion that the defendants' motion is due to be GRANTED.

It is therefore ORDERED as follows:

1. To the extent the defendants' Initial Disclosures or responses to

discovery requests and deposition examinations require the defendants to disclose the names of or other identifying information about students who are not parties to this litigation, the defendants are ordered to make such disclosures and to respond to discovery requests subject to the provisions of this order.

2. All such information disclosed or produced by the defendants shall be used only for purposes of this litigation and shall not be disclosed further, except as permitted in this order.

3. Information pertaining to non-party students shall be disclosed only on an as-needed basis for purposes of this action to trial counsel, employees and professional assistants of counsel, parties, employees of parties, trial witnesses, deponents, expert witnesses, the Court, jurors, court reporters, and stenographic employees of court reporters as needed in the course of this litigation.

4. Any records produced by the defendants and any deposition transcripts or portions thereof, including exhibits, in which non-party students are identified, shall be made available to and viewed only by deponents, trial counsel, employees and professional assistants of counsel, parties, employees of parties, trial witnesses, deponents, expert witnesses, the Court, jurors, court reporters, and stenographic employees of court reporters as needed in the course of this litigation.

5. The provisions of this order shall not affect the admissibility of evidence

at trial or at any preliminary evidentiary proceeding in open court, except as directed by separate order entered for good cause shown. The provisions of this order directing the production of records and disclosure of information about students pursuant to Rule 26(a)(1), F.R.Civ.P., or in response to discovery relate only to the confidentiality rights and privacy rights of non-party students. This order shall not be construed as overruling any objections to production or use of such information or records raised by the parties on other grounds.

6.  Within thirty (30) days after the entry of a final judgment in this cause and the conclusion of all appeals, if any, all information (including all copies) disclosed or produced subject to this order shall be returned to the producing party, and counsel for the parties shall receive all such information from the Court as the Court in its discretion will permit and the same shall be returned to the party that produced it.

DONE and ORDERED this _____ day of _____, 2008.

_____
W. Harold Albritton, Sr.
United States District Judge