IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| L.B., a minor who sues through his mother and next friend, Veronica Stanley, and VERONICA STANLEY, individually | )<br>)<br>)<br>) |
| Plaintiffs, | )<br>) |
| vs. | ) CIVIL ACTION NO.: 2:07-cv-681-WHA<br>) |
| BULLOCK COUNTY BOARD OF EDUCATION and ROBERT MCDUFFIE, in his individual capacity | )<br>)<br>)<br>) |
| Defendants. | ) |

**ORDER ON MOTION AND PROTECTIVE ORDER**

Pending before the Court is *Defendants' Motion for Protective Order* (Doc. 19, filed January 16, 2008). It concerns the disclosure or production by the defendants of information which identifies students who are not parties to this litigation and the parties' use of such information. The Court has been advised that counsel for the plaintiff has no objection to the Protective Order proposed by the defendants. The Court is therefore of the opinion that the defendants' motion is due to be **GRANTED**. Accordingly, the parties and all interested non-parties shall be governed as follows:

      1.    To the extent the defendants' Initial Disclosures or responses to discovery requests and deposition examinations require the defendants to disclose the names of or other identifying information about students who are not parties to this litigation, the defendants are ordered to make such disclosures and to respond to discovery requests subject

to the provisions of this order.

2. All such information disclosed or produced by the defendants shall be used only for purposes of this litigation and shall not be disclosed further, except as permitted in this order.

3. Information pertaining to non-party students shall be disclosed only on an as-needed basis for purposes of this action to trial counsel, employees and professional assistants of counsel, parties, employees of parties, trial witnesses, deponents, expert witnesses, the Court, jurors, court reporters, and stenographic employees of court reporters as needed in the course of this litigation.

4. Any records produced by the defendants and any deposition transcripts or portions thereof, including exhibits, in which non-party students are identified, shall be made available to and viewed only by deponents, trial counsel, employees and professional assistants of counsel, parties, employees of parties, trial witnesses, deponents, expert witnesses, the Court, jurors, court reporters, and stenographic employees of court reporters as needed in the course of this litigation.

5. The provisions of this order shall not affect the admissibility of evidence at trial or at any preliminary evidentiary proceeding in open court, except as directed by separate order entered for good cause shown. The provisions of this order directing the production of records and disclosure of information about students pursuant to Rule 26(a)(1), F.R.Civ.P., or in response to discovery relate only to the confidentiality rights and privacy rights of non-party students. This order shall not be construed as overruling any objections

to production or use of such information or records raised by the parties on other grounds.

      6.      Within thirty (30) days after the entry of a final judgment in this cause and the conclusion of all appeals, if any, all information (including all copies) disclosed or produced subject to this order shall be returned to the producing party, and counsel for the parties shall receive all such information from the Court as the Court in its discretion will permit and the same shall be returned to the party that produced it.

DONE this 18th day of January, 2008.

                                            /s/Terry F. Moorer
                                            TERRY F. MOORER
                                            UNITED STATES MAGISTRATE JUDGE