# IN THE UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF ALABAMA
# NORTHERN DIVISION

| | |
|---|---|
| L.B., a minor, who sues through his mother and next friend, Veronica Stanley, and VERONICA STANLEY, individually, | )<br>)<br>)<br>) |
| Plaintiff, | )<br>) CASE NO: 2:07-CV-681-WHA |
| v. | )<br>) |
| BULLOCK COUNTY BOARD OF EDUCATION and ROBERT MCDUFFIE, in his individual capacity, | ) UNOPPOSED<br>)<br>)<br>) |
| Defendants. | ) |

## DEFENDANTS' MOTION FOR ENTRY OF QUALIFIED HIPAA PROTECTIVE ORDER

**COME NOW** the Bullock County Board of Education and Robert McDuffie, defendants in the above-styled cause, and respectfully move the Court to enter a qualified HIPAA Protective Order. As grounds, the defendants show as follows:

1. The plaintiff's Complaint alleges personal injuries. In written discovery requests, and in their depositions, the plaintiffs have identified a number of medical providers who examined or treated the minor plaintiff as a result of the alleged incident made the basis of this lawsuit.

2. The defendants need to obtain the plaintiff's medical records from the identified providers, in order to determine the validity and extent of the injuries and damages claimed.

3. A qualified HIPAA Protective Order will enable the providers to release the records sought upon receipt of the defendants' subpoena.

4. The defendants' attorney has discussed this motion with counsel for the plaintiffs, who has reviewed the attached proposed order and has no opposition to this motion or the entry of the order.

WHEREFORE, the defendants respectfully move the Court to enter a qualified HIPAA Protective Order, directing the minor plaintiff's medical providers to release records sought by the defendants.

/s/ *Clay R. Carr*
Clay R. Carr  (ASB-5650-C42C)
Boardman, Carr, Hutcheson & Bennett, P.C.
400 Boardman Drive
Chelsea, AL 35043-8211
Telephone:  (205) 678-8000
Facsimile:  (205) 678-0000

# **CERTIFICATE OF SERVICE**

      I hereby certify that on **March 11, 2008**, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Kathryn Dickey  
Law Offices of Kathryn Dickey  
322 Alabama Street, Suite B  
Montgomery, Alabama 36104

                                              *s\Clay R. Carr*  
                                              Of Counsel

IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| L.B., a minor, who sues through his mother and next friend, Veronica Stanley, and VERONICA STANLEY, individually, <br><br> Plaintiff, <br><br> v. <br><br> BULLOCK COUNTY BOARD OF EDUCATION and ROBERT MCDUFFIE, in his individual capacity, <br><br> Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) CASE NO: 2:07-CV-681-WHA <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

## QUALIFIED HIPAA PROTECTIVE ORDER

The parties are hereby granted the right, upon compliance with the applicable discovery provisions of the Federal Rules of Civil Procedure and the orders of this court, to obtain from any health care provider, health plan, or other entity covered by the Health Insurance Portability and Accountability Act of 1996, Pub. L. No. 104-191, 110 Stat. 1936 (1996) ("HIPAA"), any and all information relating to the past, present, or future medical condition of any individual who is a party to this action (or the ward of a party who sues in a representative capacity), as well as any and all information relating to the provision of health care to such individual and payment

for the provision of such health care.

This order authorizes any third-party who is provided with a subpoena requesting the production of documents or commanding attendance at deposition or trial to disclose the protected health information in response to such request or subpoena. This order is intended to authorize such disclosure under the privacy regulations issued pursuant to HIPPA. 45 C.F.R. § 164.512(e)(1)(i).

The parties are expressly prohibited from using or disclosing the protected health information obtained pursuant to this order for any purpose other than this action. Further, the parties are ordered either to return to the covered entity from whom or which such protected health information was obtained, or to destroy the protected health information (including all copies made), immediately upon conclusion of this action. See 45 C.F.R. §§ 163.502(b); 164.512(e)(1)(v).

DONE and ORDERED this _____ day of _____, 2008.

_____
United States Magistrate Judge