IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| L.B., a minor who sues through his mother and next friend, Veronica Stanley, and VERONICA STANLEY, individually, | ) ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) Civil Action No.: 2:07cv681-WHA ) |
| BULLOCK COUNTY BOARD OF EDUCATION, and ROBERT MCDUFFIE, in his individual capacity, | ) ) ) (WO) ) |
| Defendants. | ) |

**MEMORANDUM OPINION AND ORDER**

**I. INTRODUCTION**

This case is before the court on a Motion for Summary Judgment (Doc. #25) filed by the Defendants, Bullock County Board of Education ("the Board") and Robert McDuffie ("McDuffie"), on November 11, 2008, and a Motion to Strike (Doc. #30) filed by the Defendants on December 16, 2009.

This court previously granted a Motion to Dismiss filed by the Defendants. The Plaintiff, Veronica Stanley ("Stanley"), subsequently filed an Amended Complaint (Doc. #13). The Amended Complaint contains both federal and state law claims. Stanley, on behalf of her son, L.B., brings federal claims for violation of L.B.'s Fourteenth Amendment substantive due process rights, under 42 U.S.C. § 1983 against the Board (Count I) and McDuffie, in his individual capacity (Count II). Stanley, as an individual, brings a federal claim against McDuffie, in his individual capacity, for violation of her alleged Fourteenth Amendment "right

to have her minor child educated in an environment free from physical attacks." (Federal Count III).[1]  Stanley also brings a state law claim on behalf of L.B. for negligent supervision against McDuffie (State Count III).

For the reasons to be discussed, the Motion for Summary Judgment is due to be granted as to the federal claims, and the Motion to Strike is due to be denied as moot.

## II.   SUMMARY JUDGMENT STANDARD

Under Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

The party asking for summary judgment "always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the 'pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Id.* at 323.  The movant can meet this burden by presenting evidence showing there is no dispute of material fact, or by showing, or pointing out to, the district court that the nonmoving party has failed to present evidence in support of some element of its case on which it bears the ultimate burden of proof.  *Id.* at 322-324.

---

[1]The Amended Complaint lists this claim as Count III, but because the Amended Complaint contains two counts labeled "Count III," the court construes this to be an additional claim, which the court has labeled "Federal Count III."  The court will refer to the negligent supervision claim also contained in Count III as "State Count III."

Once the moving party has met its burden, Rule 56(e) "requires the nonmoving party to go beyond the pleadings and by [its] own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" *Id.* at 324.  To avoid summary judgment, the nonmoving party "must do more than show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).  On the other hand, the evidence of the nonmovant must be believed and all justifiable inferences must be drawn in its favor.  *See Anderson v. Liberty Lobby*, 477 U.S. 242, 255 (1986).

After the nonmoving party has responded to the motion for summary judgment, the court must grant summary judgment if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c).

### III.  FACTS

The submissions of the parties establish the following facts, viewed in a light most favorable to the non-movant:

On April 5, 2006, beginning at 8:00 a.m., the Plaintiff's minor child, L.B., was in his first period class at Bullock County Career Technical School, where he was a ninth grade student. L.B.'s first period class was in the construction classroom.  McDuffie was the instructor for L.B.'s first period Construction class.

The construction classroom is divided into two separate spaces, a classroom and a construction shop.  The two spaces are set up in a way that neither space is visible from the other space.  The agriculture classroom is across the hall from the construction classroom.  Ernest Hugley ("Hughley") was the teacher assigned to the agriculture classroom during first period on

April 5, 2006. School records show that Hugley was out for jury duty on April 3-5, 2006. Records also show that no substitute teacher signed in for the agriculture class until 9:45 a.m. on April 5, 2006. No substitute teacher signed in on either April 3 or April 4, 2006.

Shortly after 8:00 a.m. on April 5, 2006, McDuffie went into Hugley's class and instructed the students to sign a roll sheet while the Agriculture class waited for the substitute teacher to arrive. McDuffie then went back to his Construction class across the hall. At approximately 8:15 a.m., McDuffie received a call from his mother-in-law asking that McDuffie bring her a spare set of car keys. After receiving the phone call, McDuffie told his students that he was leaving the school to take keys to his mother-in-law. A student in the Construction class, M.F., testified in depositions to seeing McDuffie, through a window in the construction classroom, get into his truck and leave the school's campus during first period on April 5, 2006.[2]

Soon after, several students from the Agriculture class entered the construction classroom. One of the students from the Agriculture class, D.J., attacked L.B. and threw him to the floor. L.B. hit his head on the floor and lost consciousness. Once L.B. regained consciousness he was very disoriented. L.B. was also unable to walk properly or hold his head up. Although D.J. had been in other trouble, there is no evidence before the court that McDuffie had any reason to know, or fear, that D.J. would enter his classroom and attack L.B., or even, in fact, knew that D.J. was in the classroom across the hall.

---

[2]McDuffie denies leaving the campus, stating that his mother-in-law called back shortly after their initial conversation and indicated that she had located her car keys. The Defendants have moved to strike M.F.'s testimony regarding whether McDuffie left the campus. The court will, however, view the evidence in the light most favorable to the non-moving party, and deny the Defendants' Motion to Strike as moot, because admission of the disputed evidence does not change the court's summary judgment determination. The court will also deny the Defendants' other strike requests on the same grounds.

Two students, M.F. and C.Y., assisted L.B. to the school's main office, where they spoke to the school's secretary, Regina Broadnax ("Broadnax"). At about 9:00 a.m., Broadnax called L.B.'s mother, Stanley. The secretary informed Stanley that L.B. had fainted and asked that Stanley come to the school to take L.B. to the doctor.

Stanley arrived at the school a few minutes later. She took L.B. to the Emergency Room at Bullock County Hospital. While at the hospital, L.B. had trouble responding to questions about himself and his injury. Stanley informed members of the hospital staff that she was told that L.B. had fainted at school. Stanley later encountered M.F. at the hospital and M.F. told Stanley that L.B. had been attacked by another student. L.B. was treated for a head injury and told by the treating physician to seek additional medical attention in Montgomery.

While L.B. was being treated, Stanley's father, James Raybon, and Stanley's sister, Kristie Stanley, went to Bullock County Technical Center. After speaking with the principal, Charles Cook, they went to the construction classroom. McDuffie was not in the classroom at the time.

As a result of the incident, D.J. was suspended from school for three days. L.B. continues to have severe headaches, memory loss and emotional distress.

## IV. DISCUSSION

**A.     Federal Claims**

**1.     Section 1983 claim against Defendant Bullock County Board of Education**

In Count I, Stanley claims that the Board violated L.B.'s liberty interest in bodily integrity as protected by the Due Process Clause of the Fourteenth Amendment. Stanley asserts the federal claim under 42 U.S.C. § 1983, which creates a federal remedy for deprivations of

federal rights.

In this case, because the perpetrator of the attack was a private person, and in no way professionally affiliated with the Board, the Board may be held liable only if it owed some duty to L.B. to protect him from third party assaults. *See Wyke v. Polk County Sch. Bd.*, 129 F.3d 560, 568-69 (11th Cir. 1997). The Supreme Court has held "nothing in the language of the Due Process Clause itself requires the State to protect life, liberty and property of its citizens against invasion by private actors." *DeShaney v. Winnebago County Dep't of Soc. Servs.*, 489 U.S. 189, 195 (1989). The *DeShaney* court explained that the due process clause is a limitation on the State's power to act, and only imposes affirmative duties of care and protection in very limited circumstances. *Id.* at 195, 198. According to the court, such circumstances include where the State acts to restrain the individual's liberty in a way that prevents the individual from protecting himself. *Id.* at 198-200.

The Eleventh Circuit has made it clear that the exception does not apply to the student-public schools relationship. *Wyke*, 129 F.3d at 568-69. *See also Davis v. Carter,* --- F.3d ---, No. 08-10162, 2009 WL 152707 (11th Cir. January 23, 2009). In *Wyke*, the court noted the established rule that public schools generally do not have the requisite control over children to give rise to a constitutional duty to protect and that "there is no concomitant duty to provide for the student's 'safety and general well being.'" *Wyke*, 129 F.3d at 568-69. Therefore, the court finds that Stanley has failed to establish an underlying constitutional violation to support her § 1983 claim against the Board.

In addition to Stanley's failure to establish a constitutional violation, she has also failed to point to a "policy" or a "custom" of the Board that caused the alleged injuries. A school board

may not be held liable on a theory of respondeat superior under § 1983. *See Sauls v. Pierce County Sch. Dist.*, 399 F.3d 1279, 1287 (11th Cir. 2005). Thus, in order to establish liability of a school board under § 1983, the plaintiff must identify a municipal "policy" or "custom" that caused the deprivation of a federal right. *Id*. It is not enough for the plaintiff to merely identify conduct that is properly attributable to the defendant, but must instead demonstrate that the defendant acted with deliberate indifference to a known or obvious consequence. *Davis v. Dekalb County School Dist.*, 233 F.3d 1367, 1375076 (11th Cir. 2000).

In this case, Stanley, in the Plaintiff's Response to Defendants' Motion for Summary Judgment, repeatedly states that the Board and the Bullock County Technical School's policy is that students are to be supervised at all times, *see* Doc. # 28 at 5, 13, 15, 16, and claims these policies were violated with deliberate indifference to the obvious risk a lack of supervision posed to the unsupervised students. Stanley has not offered proof of any action by a final policy maker or any custom of the Board that resulted in the alleged injury. Therefore, because a violation of a municipal policy by a lower level employee is not itself a policy, the Defendants' Motion for Summary Judgment is due to be granted as to Count I.

### 2. Section 1983 claims against the Defendant McDuffie in his individual capacity

Stanley's Amended Complaint alleges two federal claims against Defendant McDuffie in his individual capacity. The first, on behalf of L.B., found in Count II of the Amended Complaint, mirrors the claim made against the Board in Count I discussed above. The court has already determined that there was no underlying constitutional obligation to protect L.B. from a third-party attack; therefore, there can be no cause of action under § 1983 against McDuffie in

his individual capacity.  Thus, summary judgment is due to be granted as to Count II.

In the Amended Complaint, Stanley also brings a federal law claim as an individual, found in Count III, for violation of her Fourteenth Amendment "right to have her minor child educated in an environment free from physical attacks."  The Defendants have moved for summary judgment on all counts, and Stanley has failed to defend the validity of this particular claim in her response brief.

As previously discussed, the Fourteenth Amendment does not create a constitutional duty to protect public school students from attacks by third parties and McDuffie's failure to prevent D.J.'s attack on L.B. cannot be a violation of Stanley's alleged right to have her son educated in a safe environment.  Therefore, summary judgment is due to be granted as to Federal Count III.

**B.     State Law Claim for negligent supervision against Defendant McDuffie**

Stanley also brings a state law claim against McDuffie in his individual capacity on behalf of L.B. for negligent supervision, found in Count III.  The Defendants contend that McDuffie is protected from liability through State-agent immunity.

Although the court has supplemental jurisdiction over the remaining state law claim, pursuant to 28 U.S.C. § 1367(a) the court may decline to exercise its jurisdiction if all the federal claims are dismissed.  28 U.S.C. § 1367(c)(3).  Further, the Eleventh Circuit has noted that where federal claims are dismissed prior to trial, *United Mine Worker's v. Gibbs*, 383 U.S. 715 (1966), "strongly encourages or even requires" the dismissal of state claims.  *Mergens v. Dreyfoos*, 166 F.3d 1114, 1119 (11th Cir. 1999) (citing *L.A. Draper & Son v. Wheelabrator-Frye, Inc.*, 735 F.2d 414, 428 (11th Cir. 1985).  Because the court has determined that all the federal claims are due to be dismissed, the court declines to exercise jurisdiction over the

remaining state law claim, and Stanley's claim for negligent supervision, State Count III, is due to be dismissed without prejudice.

## V. CONCLUSION

For the reasons discussed, it is hereby ORDERED as follows:

1. The Defendants' Motion for Summary Judgment (Doc. #25) is GRANTED with respect to Count I, Count II, and Stanley's federal law claim in Count III.

2. Stanley's state law claim for negligent supervision in Count III is DISMISSED without prejudice.

3. The Defendants' Motion to Strike (Doc. #30) is DENIED as moot.

4. The Plaintiffs' Motion for Extension of Time (Doc. #36) is DENIED as moot.

Final Judgment will be entered in accordance with this Memorandum Opinion and Order.

Done this 2nd day of February, 2009.

/s/ W. Harold Albritton
W.  HAROLD ALBRITTON
SENIOR UNITED STATES DISTRICT JUDGE